IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| In re UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | ) ) ) | |
| _____ | ) ) | Sub-Master Docket No. 17-9001L<br>Charles F. Lettow<br>Judge |
| THIS DOCUMENT APPLIES TO: | ) ) | |
| ALL UPSTREAM CASES | ) ) | |

# ANSWER TO THE
## MASTER AMENDED COMPLAINT FOR UPSTREAM PLAINTIFFS

Pursuant to Rules 7(a), 8(b), and 12 of the Rules of the United States Court of Federal Claims ("RCFC"), the defendant United States of America answers the allegations contained in the numbered paragraphs of Plaintiffs' Master Amended Complaint for Upstream Plaintiffs (ECF No. 18) ("Complaint"), as follows:

1.      The allegations in the first sentence of paragraph 1 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.    The United States admits the factual allegations contained in the second and third sentences of paragraph 1. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 1 and on that basis denies those allegations.    The United States avers that the Addicks and Barker Dams are federal flood control projects on the west side of Houston.    The United States denies the remaining allegations contained in the fifth sentence of paragraph 1.

2.      The United States avers that the Corps has conducted evaluations of the Addicks and Barker Dams at various times after their construction, including the identification of a

"Maximum Design Pool" for Addicks Dam at 115 feet above North American Vertical Datum of 1988, Adjustment of 2001 ("NAVD88") and for Barker Dam at 108 feet above NAVD88. The United States denies the remaining allegations contained in paragraph 2 of the Complaint.

3. The United States denies the allegations contained in the first and second sentences of paragraph 3 of the Complaint. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 3 and on that basis denies those allegations.

4. The United States denies the allegations contained in the first three sentences of paragraph 4 of the Complaint. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 4 and on that basis denies those allegations.

5. The allegations in the first sentence of paragraph 5 of the Complaint are too vague and insufficiently specific to allow for a response and on that basis the United States denies those allegations. The allegations in the second sentence of paragraph 5 contain Plaintiffs' characterization of an unspecified document. The United States avers that the document referenced is the best evidence of its content and therefore denies the allegations contained in the second sentence of paragraph 5 to the extent they are inconsistent with that document. The allegations in the third sentence of paragraph 5 are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations in paragraph 6 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## STATEMENT OF JURISDICTION

7. The allegations in paragraph 7 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## PARTIES

8. The allegations in paragraph 8 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and on that basis denies those allegations.

10. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and on that basis denies those allegations.

11. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and on that basis denies those allegations.

12.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and on that basis denies those allegations.

13.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and on that basis denies those allegations.

14.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and on that basis denies those allegations.

15.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and on that basis denies those allegations.

16.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and on that basis denies those allegations.

17.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and on that basis denies those allegations.

18.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and on that basis denies those allegations.

19.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and on that basis denies those allegations.

20.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and on that basis denies those allegations.

21.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and on that basis denies those allegations.

22.     The United States avers that the map contained in paragraph 22 of the Complaint depicts the general locations of the addresses listed in paragraphs 9 through 21 of the Complaint. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations contained in paragraph 22 and on that basis denies those allegations.

23.     The United States admits the factual allegations contained in paragraph 23 of the Complaint.

**<u>FACTS</u>**

24.     The allegations in paragraph 24 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25.     The United States denies the allegations contained in paragraph 25 of the Complaint.

26.     The United States avers that flooding occurred in Houston in 1929 and 1935. The remaining allegations in paragraph 26 are too vague and insufficiently specific to allow for a response and on that basis the United States denies those allegations.

27.     The United States admits that the Addicks and Barker Dams/Reservoirs are flood control projects built as part of the Buffalo Bayou and Tributaries Project. The remaining allegations in paragraph 27 of the Complaint contain Plaintiffs' characterization of the Rivers and Harbors Act of June 20, 1938, and subsequent legislation. The United States avers that those laws are the best evidence of their content. The United States denies the allegations contained in paragraph 27 to the extent they are inconsistent with those laws.

28.     The United States admits that the Addicks and Barker Dams/Reservoirs are flood control projects built as part of the Buffalo Bayou and Tributaries Project. The remaining allegations in paragraph 28 of the Complaint contain Plaintiffs' characterization of the Rivers and Harbors Act of June 20, 1938, and subsequent legislation. The United States avers that those laws are the best evidence of their content. The United States denies the allegations contained in paragraph 28 to the extent they are inconsistent with those laws or purport to present factual allegations from sources not identified in the allegation.

29.     The United States avers that a single dam was proposed on Buffalo Bayou and that this was later revised to two separate dams. The remaining allegations in paragraph 29 of the Complaint contain Plaintiffs' characterization of the Rivers and Harbors Act of June 20, 1938, and subsequent legislation. The United States avers that those laws are the best evidence of their content. The United States denies the allegations contained in paragraph 29 to the

extent they are inconsistent with those laws or purport to present factual allegations from sources not identified in the allegation.

30.     The allegations in paragraph 30 of the Complaint contain Plaintiffs' characterization of the Rivers and Harbors Act of June 20, 1938, and subsequent legislation. The United States avers that those laws are the best evidence of their content.    The United States denies the allegations contained in paragraph 30 to the extent they are inconsistent with those laws or purport to present factual allegations from sources not identified in the allegation.

31.     The United States avers that the Corps did construct the Addicks and Barker Dams and additional improvements, but did not construct all proposed projects near Buffalo Bayou.    The remaining allegations in paragraph 31 of the Complaint are too vague and insufficiently specific to allow for a response and on that basis the United States denies those allegations.

32.     The United States admits the factual allegations contained in the first three sentences of paragraph 32 of the Complaint.    The allegations in the fourth sentence of paragraph 32 are too vague and insufficiently specific to allow for a response and on that basis the United States denies those allegations.

33.     The United States admits the factual allegations contained in the first sentence of paragraph 33 of the Complaint.    The allegations in the second sentence of paragraph 33 are too vague and insufficiently specific to allow for a response and on that basis the United States denies those allegations.

34.     The United States admits the factual allegations contained in paragraph 34 of the Complaint.

35.     The United States admits the factual allegations contained in the first two sentences of paragraph 35 of the Complaint.    The United States avers that water runoff may enter the Barker Dam/Reservoir from the west.    The United States denies the remaining allegations contained in the third sentence of paragraph 35.

36.     The United States avers that Barker Dam was originally designed with one gated and five ungated conduits and that, over time, five gates were installed.    The remaining allegations contained in paragraph 36 of the Complaint are too vague and insufficiently specific to allow for a response and on that basis the United States denies those allegations.

37.     The United States admits the factual allegations contained in paragraph 37 of the Complaint.

38.     The United States admits the factual allegations contained in the first three sentences of paragraph 38 of the Complaint.    The United States avers that water runoff may enter the Barker Dam/Reservoir from the west, but denies the remaining allegations contained in the fourth sentence of paragraph 38.    The United States avers that Addicks Dam was originally designed with one gated and four ungated conduits and that, over time, five gates were installed. The remaining allegations in the fifth and sixth sentences of paragraph 38 are too vague and insufficiently specific to allow for a response and on that basis the United States denies those allegations.

39.     The allegations in paragraph 39 of the Complaint contain Plaintiffs' characterization of unspecified Corps documents.    The United States avers that Corps documents are the best evidence of their content.    Based on Plaintiffs' failure to identify the source of the allegations contained in paragraph 39 the United States lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 39 and on that basis denies those allegations.

40.     The allegations in paragraph 40 of the Complaint contain Plaintiffs' characterization of unspecified Corps documents.    The United States avers that the Corps has conducted calculations and made determinations at various times, both before and after construction of the Addicks and Barker Dams, to evaluate their ability to carry out the purposes for which they were built.    The United States further avers that the calculations and determinations, if made, would be contained in contemporaneous Corps documents that are the best evidence of their content.    Based on Plaintiffs' failure to identify the source of the allegations contained in paragraph 40 the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and on that basis denies those allegations.

41.     The allegations in paragraph 41 of the Complaint contain Plaintiffs' characterization of unspecified Corps documents.    The United States avers that the Corps has conducted calculations and made determinations at various times, both before and after construction of the Addicks and Barker Dams, to evaluate their ability to carry out the purposes for which they were built.    The United States further avers that the calculations and determinations, if made, would be contained in contemporaneous Corps documents that are the best evidence of their content.    Based on Plaintiffs' failure to identify the source of the allegations contained in paragraph 41 the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and on that basis denies those allegations.

42.     The allegations in the first, third and fourth sentences of paragraph 42 of the Complaint contain Plaintiffs' characterization of unspecified Corps documents.    The United States avers that the Corps has conducted calculations and made determinations at various times, both before and after construction of the Addicks and Barker Dams, to evaluate their ability to carry out the purposes for which they were built.    The United States further avers that the calculations and determinations, if made, would be contained in contemporaneous Corps documents that are the best evidence of their content.    Based on Plaintiffs' failure to identify the source of the allegations contained in the first, third and fourth sentences of paragraph 42 the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in those sentences and on that basis denies those allegations.    The allegations in the second sentence of paragraph 42 are Plaintiffs' characterization of the case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

43.     The United States avers that in the 1980s, the Corps raised the top of the Addicks and Barker Dams and reinforced both ends of each of the two dams with concrete.    The remaining allegations in paragraph 43 of the Complaint are too vague and insufficiently specific to allow for a response and on that basis the United States denies those allegations.

44.     The allegations in paragraph 44 of the Complaint contain Plaintiffs' characterization of an unspecified 2013 Corps document.    The United States avers that Corps documents are the best evidence of their content.    Based on Plaintiffs' failure to identify the source of the allegations contained in paragraph 44 the United States lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 44 and on that basis denies those allegations.

45.     The allegations in paragraph 45 of the Complaint contain Plaintiffs' characterization of an unspecified 2013 Corps document.    The United States avers that Corps documents are the best evidence of their content.    Based on Plaintiffs' failure to identify the source of the allegations contained in paragraph 45 the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and on that basis denies those allegations.

46.     The allegations in paragraph 46 of the Complaint contain Plaintiffs' characterization of unspecified Corps documents.    The United States avers that the Corps has conducted calculations and made determinations at various times after the construction of the Addicks and Barker Dams to evaluate their ability to carry out the purposes for which they were built.    The United States further avers that these calculations and determinations, if made, would be contained in contemporaneous Corps documents that are the best evidence of their content.    Based on Plaintiffs' failure to identify the source of the allegations contained in paragraph 46 the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and on that basis denies those allegations.

47.     The allegations in paragraph 47 of the Complaint contain Plaintiffs' characterization of unspecified Corps documents.    The United States avers that the Corps has conducted calculations and made determinations at various times after the construction of the Addicks and Barker Dams to evaluate their ability to carry out the purposes for which they were built.    The United States further avers that these calculations and determinations, if made,

would be contained in contemporaneous Corps documents that are the best evidence of their content.   Based on Plaintiffs' failure to identify the source of the allegations contained in paragraph 47 the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and on that basis denies those allegations.

48.     The allegations in the first sentence of paragraph 48 of the Complaint are too vague and insufficiently specific to allow for a response and on that basis the United States denies those allegations.   The United States denies the allegations contained in the second sentence of paragraph 48.

49.     The allegations in paragraph 49 of the Complaint are Plaintiffs' characterization of their claims and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

50.     The United States avers that it purchased approximately 12,460 acres of property behind Addicks Dam and approximately 12,060 acres of property behind Barker Dam.   The remaining allegations in paragraph 50 of the Complaint are Plaintiffs' characterization of their claims and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

51.     The United States denies the allegations contained in paragraph 51 of the Complaint.

52.     The allegations contained in paragraph 52 of the Complaint are Plaintiffs' characterization of their claims and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

53.     The allegations contained in paragraph 53 of the Complaint are Plaintiffs'
characterization of their claims and conclusions of law, to which no response is required; to the
extent they may be deemed allegations of fact, they are denied.

54.     The allegations in paragraph 54 of the Complaint contain Plaintiffs'
characterization of a 1962 Reservoir Regulation Manual.    The United States avers that the
specified document referenced is the best evidence of its content.    The United States further
avers that it acquired sufficient land for the Addicks and Barker Reservoirs.    The remaining
allegations in paragraph 54 represent Plaintiffs' characterization of the Corps document, to
which no response is required; to the extent they may be deemed allegations of fact, the United
States lacks knowledge or information sufficient to form a belief as to the truth of the allegations
and on that basis denies those allegations.

55.     The allegations contained in paragraph 55 of the Complaint are Plaintiffs'
characterization of their claims and conclusions of law, to which no response is required; to the
extent they may be deemed allegations of fact, they are denied.

56.     The allegations in paragraph 56 of the Complaint contain Plaintiffs'
characterization of the Corps' 1986 Master Plan Update.    The United States avers that the
specified document referenced is the best evidence of its content.    The United States admits
only that Plaintiffs have selectively but accurately quoted from a Corps document entitled
Master Plan Update, dated June 1986.    The remaining allegations in paragraph 56 represent
Plaintiffs' characterization of the Corps document, to which no response is required; to the
extent they may be deemed allegations of fact, the United States lacks knowledge or information

sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

57. The allegations in paragraph 57 of the Complaint contain Plaintiffs' characterization of the Corps' 1986 Master Plan Update. The United States avers that the specified document referenced is the best evidence of its content. The United States admits only that Plaintiffs have selectively but accurately quoted from a Corps document entitled Master Plan Update, dated June 1986. The United States avers that the language highlighted in paragraph 57, without indicating that the emphasis was added, was not highlighted in the Corps document. The remaining allegations in paragraph 57 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

58. The allegations in paragraph 58 of the Complaint contain Plaintiffs' characterization of the Corps' 1986 Master Plan Update. The United States avers that the specified document referenced is the best evidence of its content. The United States admits only that Plaintiffs have selectively but accurately quoted from a Corps document entitled Master Plan Update, dated June 1986. The United States avers that the language highlighted in paragraph 58, without indicating that the emphasis was added, was not highlighted in the Corps document. The remaining allegations in paragraph 58 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

59.     The United States denies the allegations contained in the first sentence of paragraph 59 of the Complaint.   The allegations in the second sentence of paragraph 59 are too vague and insufficiently specific to allow for a response and on that basis the United States denies those allegations.

60.     The allegations in paragraph 60 of the Complaint contain Plaintiffs' characterization of a Corps "Reconnaissance Report."   The United States avers that the specified document referenced is the best evidence of its content.   The United States admits only that Plaintiffs have selectively quoted from a Corps document entitled Reconnaissance Report, dated October 1995; the first and third quotes are accurate, the second quote should read "[a]dopt a flood warning and evacuation plan."   The United States avers that the language highlighted in the third quote in paragraph 60, without indicating that the emphasis was added, was not highlighted in the Corps document.   The remaining allegations in paragraph 60 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

61.     The allegations in paragraph 61 of the Complaint contain Plaintiffs' characterization of a 2009 "Master Plan."   The United States avers that the specified document referenced is the best evidence of its content.   The United States admits only that Plaintiffs have selectively but accurately quoted from a Corps document entitled 2009 Master Plan, dated August 2009.   The United States avers that the language highlighted in paragraph 61, without indicating that the emphasis was added, was not highlighted in the Corps document.   The

remaining allegations in paragraph 61 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

62.     The allegations in paragraph 62 of the Complaint contain Plaintiffs' characterization of a Corps 2012 Water Control Manual.    The United States avers that the specified document referenced is the best evidence of its content.    The allegations in paragraph 62 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

63.     The allegations in paragraph 63 of the Complaint contain Plaintiffs' characterization of a Corps 2012 Water Control Manual.    The United States avers that the specified document referenced is the best evidence of its content.    The United States admits only that Plaintiffs have selectively but accurately quoted from a Corps document entitled Water Control Manual, dated November 2012.    The United States avers that the language bolded in paragraph 63, without indicating that the bolding was added, was not bolded in the Corps document.    The remaining allegations in paragraph 63 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

64.     The allegations in paragraph 64 of the Complaint contain Plaintiffs' characterization of a Corps 2012 Water Control Manual.    The United States avers that the specified document referenced is the best evidence of its content.    The allegations in paragraph 64 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

65.     The allegations in paragraph 65 of the Complaint contain Plaintiffs' characterization of a Corps 2012 Water Control Manual.    The United States avers that the specified document referenced is the best evidence of its content.    The allegations in paragraph 65 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

66.     The allegations in paragraph 66 of the Complaint contain Plaintiffs' characterization of a Corps 2012 Water Control Manual.    The United States avers that the specified document referenced is the best evidence of its content.    The allegations in paragraph 66 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

67.     The United States avers that the Corps operated the Addicks and Barker Dams by opening and closing their floodgates consistent with its 2012 Water Control Manual.   The remaining allegations of paragraph 67 of the Complaint are Plaintiffs' characterization of their claims and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

68.     The allegations in paragraph 68 of the Complaint are Plaintiffs' characterization of their claims and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

69.     The United States denies the allegations contained in paragraph 69 of the Complaint.

70.     The United States avers that on or about August 30, 2017, the water behind Addicks Dam crested at approximately 109.1 feet elevation above NAVD88.   The remaining allegations in the first and second sentences of paragraph 70 of the Complaint contain conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.   The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in third sentence of Paragraph 70 and on that basis denies those allegations.

71.     The United States avers that on or about August 30, 2017, the water behind Barker Dam crested at approximately 101.5 feet elevation above NAVD88.   The remaining allegations in the first and second sentences of paragraph 71 of the Complaint contain conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.   The United States lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in third sentence of Paragraph 71 and on that basis denies those allegations.

72.     The allegations in paragraph 72 of the Complaint are too vague and insufficiently specific to allow for a response and on that basis the United States denies those allegations.

73.     The allegations contained in paragraph 73 of the Complaint are Plaintiffs' characterization of the case and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

74.     The allegations in paragraph 74 of the Complaint contain Plaintiffs' characterization of a Corps 2012 Water Control Manual.    The United States avers that the specified document referenced is the best evidence of its content.    The allegations in paragraph 74 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

75.     The allegations in paragraph 75 of the Complaint contain Plaintiffs' characterization of a Corps 2012 Water Control Manual.    The United States avers that the specified document referenced is the best evidence of its content.    The allegations in paragraph 75 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

76.     The allegations in paragraph 76 of the Complaint contain Plaintiffs' characterization of a Corps 2012 Water Control Manual.    The United States avers that the specified document referenced is the best evidence of its content.    The allegations in paragraph 76 represent Plaintiffs' characterization of the Corps document, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

77.     The United States avers that the Addicks and Barker Dams were designed to survive more rainfall than what fell during Hurricane Harvey.    The United States denies the remaining allegations contained in paragraph 77 of the Complaint.

78.     The allegations in paragraph 78 of the Complaint are either too vague and insufficiently specific to allow for a response or are Plaintiffs' characterization of the facts and conclusions of law, to which no response is required; to the extent that any may be deemed allegations of fact, they are denied.

79.     The United States avers that Hurricane Harvey was a one-time event that was not foreseeable and that flooding on Plaintiffs' property was not the direct, natural, or probable result of the design, construction, or operation of the Addicks and Barker Dam/Reservoirs.    The remaining allegations in paragraph 79 of the Complaint are Plaintiffs' characterization of the facts and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

80.     The United States denies the allegations contained in paragraph 80 of the Complaint.

81.     The allegations in paragraph 81 of the Complaint are Plaintiffs' characterization of the facts and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

82.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint and on that basis denies those allegations.

83.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint and on that basis denies those allegations.

84.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint and on that basis denies those allegations.

85.     The United States avers that Hurricane Harvey was a one-time event that was not foreseeable and that flooding on Plaintiffs' property was not the direct, natural, or probable result of the design, construction, or operation of the Addicks and Barker Dam/Reservoirs.    The remaining allegations in paragraph 85 of the Complaint are Plaintiffs' characterization of the facts and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

86.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint and on that basis denies those allegations.

87.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint and on that basis denies those allegations.

88.     The allegations in paragraph 88 of the Complaint are Plaintiffs' characterization of the facts and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

89.     The allegations in paragraph 89 of the Complaint are Plaintiffs' characterization of the facts and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## CLASS ALLEGATIONS

90.     The allegations in paragraph 90 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

91.     The allegations in paragraph 91 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.   The United States further avers that class action under RCFC 23 is not appropriate in this matter.

92.     The allegations in paragraph 92 of the Complaint are Plaintiffs' characterization of RCFC 23, to which no response is required.   The United States further avers that class action under RCFC 23 is not appropriate in this matter.

93. The allegations in paragraph 93 of the Complaint are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The United States further avers that class action under RCFC 23 is not appropriate in this matter.

94. The allegations in paragraph 94 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The United States further avers that class action under RCFC 23 is not appropriate in this matter.

95. The allegations in paragraph 95 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The United States further avers that class action under RCFC 23 is not appropriate in this matter.

96. The allegations in paragraph 96 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The United States further avers that class action under RCFC 23 is not appropriate in this matter.

97. The allegations in paragraph 97 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The United States further avers that class action under RCFC 23 is not appropriate in this matter.

98. The allegations in paragraph 98 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be

deemed allegations of fact, they are denied. The United States further avers that class action under RCFC 23 is not appropriate in this matter.

99. The allegations in paragraph 99 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, the United States lacks knowledge or information sufficient to form a belief as to the truth of any such factual allegations and on that basis denies those allegations. The United States further avers that class action under RCFC 23 is not appropriate in this matter.

100. The allegations in paragraph 100 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The United States further avers that class action under RCFC 23 is not appropriate in this matter.

101. The allegations in paragraph 101 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The United States further avers that class action under RCFC 23 is not appropriate in this matter.

102. The allegations in paragraph 102 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The United States further avers that class action under RCFC 23 is not appropriate in this matter.

103. The allegations in paragraph 103 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be

deemed allegations of fact, they are denied.    The United States further avers that class action under RCFC 23 is not appropriate in this matter.

## CAUSES OF ACTION

104.    The allegations in paragraph 104 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

105.    In response to paragraph 105 of the Complaint, the United States incorporates by reference its responses to the preceding statements and allegations.

106.    The United States avers that the Corps constructed the Addicks and Barker Dams for a public benefit, including the protection of the City of Houston.    The United States denies the remaining allegations in paragraph 106 of the Complaint.

107.    The United States denies the allegations contained in paragraph 107 of the Complaint.

108.    The United States denies that it has taken a temporary flowage easement over Plaintiffs' property.    Any further allegations in paragraph 108 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

109.    The United States denies the allegations contained in the first and second sentence of paragraph 109 of the Complaint.    The third sentence of paragraph 109 contains conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

110.     The United States denies the allegations contained in paragraph 110 of the Complaint.

111.     The United States denies the allegations contained in paragraph 111 of the Complaint.

112.     The United States denies that it took Plaintiffs' property in violation of the Fifth Amendment.   The United States further denies any remaining allegations in paragraph 112 of the Complaint.

113.     The United States denies the allegations contained in paragraph 113 of the Complaint.

114.     In response to paragraph 114 of the Complaint, the United States incorporates by reference its responses to the preceding statements and allegations.

115.     The United States denies the allegations contained in paragraph 115 of the Complaint.

116.     The United States denies the allegations contained in paragraph 116 of the Complaint.

117.     The United States denies the allegations contained in paragraph 117 of the Complaint.

118.     The United States denies the allegations contained in paragraph 118 of the Complaint.

119.     The allegations in the first and sixth sentences of paragraph 119 of the Complaint are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.   With respect to the second, third and fourth sentences of

paragraph 119, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations. The United States denies the fifth sentence of paragraph 119.

120. The United States denies that it took Plaintiffs' property in violation of the Fifth Amendment. The remaining allegations in paragraph 120 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

121. The United States denies that it took Plaintiffs' property in violation of the Fifth Amendment. The remaining allegations in paragraph 121 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

122. In response to paragraph 122 of the Complaint, the United States incorporates by reference its responses to the preceding statements and allegations.

123. The United States denies the allegations contained in paragraph 123 of the Complaint.

124. The United States denies the allegations contained in the first and second sentence of paragraph 124 of the Complaint. The third sentence of paragraph 124 contains conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

125. The United States denies the allegations contained in paragraph 125 of the Complaint.

126. The United States denies the allegations contained in paragraph 126 of the Complaint.

127. The United States denies the allegations contained in paragraph 127 of the Complaint.

128. The allegations in the first sentence of paragraph 128 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. With respect to the second sentence of paragraph 128, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations. The United States denies the third sentence of paragraph 128.

129. The United States denies the allegations contained in paragraph 129 of the Complaint.

130. The United States denies the allegations contained in paragraph 130 of the Complaint.

131. In response to paragraph 131 of the Complaint, the United States incorporates by reference its responses to the preceding statements and allegations.

132. The United States avers that the Corps constructed the Addicks and Barker Dams for a public benefit, including the protection of the City of Houston. The United States denies the remaining allegations in paragraph 132 of the Complaint.

133. The United States avers that the Addicks and Barker Dams are structures that the Corps will continue to operate and maintain subject to Congressional authorization to do so. The remaining allegations contained in paragraph 133 of the Complaint are Plaintiffs'

characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

134.    The allegations contained in paragraph 134 of the Complaint are Plaintiffs' characterization of this action and conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

135.    The United States denies the allegations contained in paragraph 135 of the Complaint.

136.    The United States denies the allegations contained in paragraph 136 of the Complaint.

137.    The United States denies the allegations contained in the first and second sentences of paragraph 137 of the Complaint.    The third sentence of paragraph 137 contains conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

138.    The United States denies the allegations contained in paragraph 138 of the Complaint.

139.    The United States denies the allegations contained in paragraph 139 of the Complaint.

140.    The United States denies the allegations contained in paragraph 140 of the Complaint.

## **PRAYER**

In response to the unnumbered paragraphs praying for relief, the United States denies that Plaintiffs are entitled to any of the relief requested, or to any relief whatsoever.

### General Denial

Unless specifically admitted, the United States denies each and every factual allegation in the Plaintiffs' Complaint.[1]

### First Defense

The Court lacks subject matter jurisdiction over Plaintiffs claims that sound in tort.

### Second Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Third Defense

Plaintiffs' claims are barred by the statute of limitations or the doctrine of laches.

### Fourth Defense

Plaintiffs' claims are barred by the doctrine of relative or comparative benefits.

### Fifth Defense

Plaintiffs' claims are barred by the doctrine of necessity.

WHERFORE, the United States of America denies that Plaintiffs are entitled to the relief they pray for, or any relief whatsoever, and requests that judgment be entered for the United States, and that the United States be allowed such other further relief as the Court may allow.


Dated:    February 28, 2018

<div style="margin-left:40%">

Respectfully submitted,

JEFFREY H. WOOD
ACTING ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division

</div>

---

[1] The United States lists several defenses here.    Several of these defenses are not "affirmative defenses," and inclusion here does not constitute a concession that the United States bears the burden of proof with respect to any of these defenses.

By     *s/ Jacqueline Brown*
JACQUELINE C. BROWN
WILLIAM J. SHAPIRO
LAURA W. DUNCAN
SARAH IZFAR
DANIEL W. DOOHER
BRADLEY L. LEVINE
Trial Attorneys, Natural Resources Section
United States Department of Justice
Environment & Natural Resources Division
Post Office Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0481
Fax: (202) 305-0506
E-mail: jacqueline.c.brown@usdoj.gov

ATTORNEYS FOR THE UNITED STATES