# In the United States Court of Federal Claims

Sub-Master Docket No. 17-9001L

(Filed: January 4, 2019)

| | |
|---|---|
| IN RE UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | |
| THIS ORDER APPLIES TO:<br><br>ALL UPSTREAM CASES | |

## ORDER

Pending before the court is defendant's motion to require plaintiffs to comply with the court's scheduling order by filing a final witness and exhibit list, motion to modify the scheduling order, and request for expedited treatment, filed January 2, 2019. "Def.'s Mot.," ECF No. 183. Defendant requests this court to order plaintiffs to provide final witness and exhibit lists and to extend the deadline for defendant's pretrial filings and the trial start date commensurate with the plaintiffs' delay in filing. *Id.*

The court's amended scheduling order of October 29, 2018, set the pretrial conference for February 12, 2019. Am. Scheduling Order, ECF No. 170. The amended scheduling order required plaintiffs to file their pretrial Memorandum of Contentions of Fact and Law ("Memorandum"), exhibit list, and witness list by December 24, 2018, to be followed by defendant's submission of it countering memorandum and lists on January 22, 2019. *Id.* Trial commences on February 19, 2019. *Id.*

Plaintiffs' filed their pretrial memorandum on December 24, 2018, but did not then file witness or exhibit lists. ECF No. 180. Defendant's notice of December 27, 2018, certifying completion of the required meeting of counsel noted that plaintiffs had yet to file their final exhibit or witness lists. ECF No. 181. On January 2, 2019, shortly after defendant filed its motion to compel, plaintiffs' filed witness and exhibit lists, but these lists were extensive and purportedly subject to further revision to narrow the lists. *See* Upstream Plaintiffs' RCFC Appendix A, Section 13 Disclosures ("Pls.' Witness & Ex. Lists") at 1-2, ECF No. 184. The lists did not indicate which witnesses would be called and which may be called, nor did they indicate the particular subject matter of each witness's testimony or how long the testimony would last. *Id.*

Defendant argues that plaintiffs' failure to provide appropriate final witness and exhibit lists prejudices its defense by "rendering it impossible to know what documents Plaintiffs may

actually use at trial or what witnesses Plaintiffs actually intend to call at trial." Def.'s Mot. at 2. Defendant notes "more than 2,300 [potential] documents . . . and more than 160 possible witnesses" appear in plaintiffs' lists, *id.* at 1, which "Plaintiffs cannot realistically expect" to present at trial, Reply in Supp. of [Def.'s Mot.] ("Def.'s Reply") at 2, ECF No. 186. Plaintiffs counter that they believed after conversations with the defendant that final lists would not be filed until mid-January due to the intervening Christmas and New Year holidays and because the initial "preliminary" and "over-inclusive" lists required narrowing. Pls.' Witness & Ex. Lists at 1-2. Plaintiffs' represent that defendant has had their preliminary lists since December 20, 2018, obviating any preparation difficulties claimed by the defense. *Id.* at 2. Plaintiffs also suggest that they have been working with counsel for defendant to develop a list of joint exhibits that would ease the clarification by each side of their separate lists. *Id.* at 1. Plaintiff's also consider the defendant's motion mooted by their filing of witness and exhibit lists on January 2, 2019. *Id.* at 1 n.1.

The Rules of the Court of Federal Claims ("RCFC") require each party to file, "together with the Memorandum of Contentions of Fact and law," a witness list and an exhibit list. RCFC Appx. A ¶¶ 15-16. The witness list must identify which witnesses shall and may be called, the specific topics to be addressed, and the time needed for direct examination. *Id.* Appx. A ¶¶ 15(a). The exhibit list must identify each exhibit that shall or may be used. *Id.* Appx. A ¶¶ 16.

Plaintiffs' witness and exhibit lists filed on January 2, 2019, require further elucidation and narrowing, as plaintiffs concede, *see* Pls.' Witness & Ex. Lists at 2, and thus do not comply with the RCFC. Accordingly, plaintiffs' filings have not mooted defendant's motion. Even so, defendant's claim of a lack of an "ability to anticipate Plaintiffs' case," Def.'s Reply at 2, exaggerates its prejudice.

Defendant has had plaintiffs' preliminary witness and exhibit list since December 20, 2018. Plaintiffs' Memorandum and its preliminary witness and exhibit list provide great detail about plaintiffs' case. Many witnesses appear redundant, with plaintiffs' providing several witnesses to offer the same testimony. For example, witnesses Mitchell Stewart, Sean Easley, Jeff Sturdevant, Jenny Sturdevant, Alison Huxel, Candice Sanchez, Juan Sanchez, Jeff Huxel, Charles Melvin, Susan Melvin, Victoria Huizar, and Richard Huizar are all proposed to testify to the conditions of Mr. Stewart's property before and after the flooding, the impact on Mr. Stewart, and recovery efforts for Mr. Stewart's property. *See* Pls.' Witness & Ex. Lists Attach. 2, at 4-5. Employees of the Army Corps of Engineers account for 28 of the witnesses listed by plaintiffs, many of whom would testify to the operation of the Addicks and Barker dams, flood control plans, and the flooding caused by Hurricane Harvey. *See id.* Attach. 2, at 12-15. Five of plaintiffs' listed witnesses are defendant's expert witnesses, *see id.* Attach. 2, at 11 (identifying five "testifying expert[s]" who "may be called adversely to testify as to his expert opinions"), and this latter circumstance by itself is improper.

The RCFC entitles defendant to greater precision regarding the plaintiffs' case than the plaintiffs' filings afford. Plaintiffs could not offer all the listed documents and call all the listed witnesses in the time allotted for the trial. The court thus agrees that plaintiffs' failure to provide final lists may impede defendant's preparation of its defense.

The relief requested by the defendant is nonetheless overbroad. The court has repeatedly expressed concerns with delaying the trial, having set the trial date in May 2018 to give parties ample time to prepare. *See, e.g.*, Am. Scheduling Order, at 2. For the reasons stated, defendant's motion is GRANTED in part and DENIED in part. Plaintiffs' shall file their final exhibit and witness lists by January 7, 2019. The parties shall adhere to the amended scheduling order as following for remaining trial preparatory steps.

The parties shall also develop a list of joint stipulations, setting forth all factual matters as to which they agree, and file the stipulations with the court on or before February 11, 2019. *See* RCFC Appx. A ¶ 17.

| **Event** | **Deadline** |
|---|---|
| Plaintiffs' FINAL Exhibit List & Witness List (RCFC Appx. A ¶¶ 15-16) | January 7, 2019 |
| Defendant's Pre-Trial Memorandum (RCFC Appx. A ¶ 14) | February 1, 2019 |
| Defendant's Exhibit List, & Witness List (RCFC Appx. A ¶¶ 15-16) | February 7, 2019 |
| Stipulations | February 11, 2019 |
| Pretrial Conference at the Federal Courthouse in Houston, TX. | February 12, 2019 (10:00 a.m. local) |
| Site Visit to Addicks & Barker Reservoirs, with accompanying testimony by explanatory witnesses | February 18, 2019 (10:00 a.m. local) |
| Commencement of Trial at the Federal Courthouse in Houston, TX. | February 19, 2019 (9:30 a.m. local) |

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge