# In the United States Court of Federal Claims

Sub-Master Docket No. 17-9001L

(Filed: April 25, 2019)

| | |
|---|---|
| IN RE UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | |
| THIS DOCUMENT APPLIES TO: ALL UPSTREAM CASES | |

## FINAL PRE-TRIAL ORDER

Pursuant to Rule 16(e) of the Rules of the Court of Federal Claims, this Final Pre-Trial Order recites the actions taken during the pre-trial conference conducted in this case on April 24, 2019.

1. (a) Trial is scheduled for May 6, 2019 through May 17, 2019 (ten trial days).

    (b) The trial will be held at the Bob Casey United States Courthouse in Houston, Texas. Trial will begin each day at 9:00 AM and end at 5:00 PM each day, except for the first day, which will begin at 9:30 AM and end at 5:30 PM.

    (c) The court will conduct a site visit during the afternoon of Wednesday, May 8, 2019 to see the Addicks Reservoir and test properties. The site visit is expected to take approximately half of one trial day. Testimony will be taken during a portion of that visit, and the court reporter will be present for that purpose. The parties shall make arrangements for transportation.

2. (a) Each party shall be allotted 32 hours for the presentation of evidence.

    (b) Such allotments will not include time spent engaging in arguments on evidentiary motions, time spent by the court asking questions of witnesses, or time spent addressing housekeeping details.

3. Opening statements will be made on May 6, 2019. Each side shall have 20 minutes for this purpose.

4. The parties have indicated that they are not now aware of any issues related to the authenticity of any proposed trial exhibits. All documents produced in discovery

are presumed to be authentic other than handwritten notes, which will be deemed authentic if supported by appropriate testimony. The presumption of authenticity may be rebutted by appropriate evidence.

5. If a witness listed in either party's witness list is necessary to support or negate the admissibility of a document to which an objection has been made, any party may call or recall that witness during its case in chief to testify concerning the factual foundation relating to the admissibility of that document.

6. The parties shall provide to the court at the outset of the trial two copies of a list containing the following three columns: (1) the identifying number for each exhibit, (2) a blank space for the court to enter the name of the witness through whom the exhibit is sought to be admitted, and the names of the witnesses who otherwise address the exhibit, and (3) a blank space for the court to enter the disposition of any request to admit that exhibit.

7. During trial, the original "stickered" version of exhibits shall be provided to the witnesses, and thereafter exhibits admitted into evidence shall be maintained by the reporter as part of the official record of the trial. The court shall be provided with two copies of each exhibit proffered to a witness at trial, for use at trial by the court and clerk during the examination of the pertinent witnesses and thereafter.

8. To constitute part of the factual record, each exhibit must be formally moved and admitted into evidence.

9. Counsel shall not engage in substantive discussions with a witness while any portion of that witness's examination is pending.

10. (a) Pursuant to Fed. R. Evid. 702, *voir dire* of any witness offered as an expert shall be conducted, and such witness must be qualified and accepted by the court as an expert, prior to any substantive testimony by such witness.

    (b) The court anticipates that expert reports will be admitted into evidence after a suitable foundation has been provided for such admission.

11. Counsel should stand when addressing the court, and in particular, when raising objections or seeking to be heard during testimony.

12. The plaintiffs have requested that fact witnesses be excluded from the courtroom during the testimony of other witnesses pursuant to Fed. R. Evid. 615. The court orders that this exclusionary rule be applied during the trial.

13. For witnesses called by more than one party, the scope of cross-examination of such witnesses may exceed the scope of direct examination, provided that no

examination may extend beyond the scope of the subject-matter descriptions provided on the parties' witness lists.

14. Each party should provide copies of its demonstrative exhibits to opposing counsel at least 24 hours in advance of the exhibits' use at trial. A demonstrative exhibit does not include copies of pages from exhibits or proposed exhibits, copies of trial transcripts, bullet-point argument summaries, or items generated on the stand. A demonstrative exhibit does include bullet points with numerical data or calculations. This provision applies to rebuttal, except when good cause is shown for an exception.

15. By May 1, 2019, the plaintiffs shall provide a list of "will-call" witnesses to the government. On May 2, 2019, the plaintiffs shall provide the order in which they intend to call these witnesses. Correspondingly, two days before the government begins its case, it shall provide plaintiffs with the order in which it intends to call its "will-call" witnesses.

A schedule for post-trial briefing and closing argument shall be arranged at the close of trial.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge