IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| IN RE UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Sub-Master Docket No. 17-cv-9001L <br> Judge Charles F. Lettow <br> Electronically filed January 21, 2020 |
| THIS DOCUMENT RELATES TO: | |
| ALL UPSTREAM CASES | |

## UNITED STATES' NOTICE REGARDING TEST PROPERTIES FOR JUST COMPENSATION PHASE

The United States submits this notice in accordance with the Court's Order directing each party to file "a notice detailing its three proposed test properties for damages and its respective arguments for selection of those properties as bellwethers." Dec. 17, 2019 Op. & Order at 46, ECF No. 260 ("Liability Order").

As discussed below, the three properties selected by the United States have characteristics that appear in other properties involved in this lawsuit.[1] Final resolution of the claims related to these three properties, therefore, may help facilitate the parties' evaluation of other claims. However, the United States notes that, whether labeled as "bellwethers" or not, it is almost certainly the case that no mathematical formula exists to use the quantum of just compensation determined for these three claims—or any particular claim—to mechanically determine the quantum of just compensation for any other claim involved in this lawsuit. "In determining what is 'just compensation,' each case must be decided upon its individual facts; no formula, no rigid rules exist for determining what is 'just compensation' under all circumstances

---

[1] For the Court's reference, a map of the upstream trial properties (DX-0821) is attached as Exhibit 1 to this notice.

1

and in all cases." *Dore v. United States*, 119 Ct. Cl. 560, 581 (Ct. Cl. 1951). Thus, although the United States agrees with the approach of narrowing the upcoming just compensation phase to a manageable number of properties, determination of just compensation for properties not selected for this phase will require additional efforts, and the determination of just compensation as to these three properties will have no preclusive effect as to other pending claims.

The United States proposes the following three properties for inclusion in the just compensation phase:

1) 15626 Four Season Drive, Houston, TX, owned by Plaintiff Elizabeth Burnham at the time of Hurricane Harvey. Liability Order at 19-20. Like many other properties involved in this lawsuit, this property is located in a residential subdivision in Harris County that is adjacent to the government-owned boundaries of the Addicks Reservoir. The property is improved with a single-family home and is located in the 100-year floodplain. The property flooded before Hurricane Harvey, in April 2009, and during the 2016 Tax Day storm. *Id.* at 17 n.12. Ms. Burnham sold the property after Hurricane Harvey in an as-is condition. *Id.* at 20.

2) 6411 Canyon Park Drive, Katy, TX, owned by Christina Micu at the time of Hurricane Harvey. *Id.* at 20-21. Like many other properties involved in this lawsuit, the Micu property is located in a residential subdivision in Fort Bend County that is adjacent to the government-owned boundaries of the Barker Reservoir. *Id.* The property is improved with a single-family home and is located in within the 500-year floodplain. Ms. Micu repaired the flood damage to her property following Hurricane Harvey and still owned the property at the time of the liability trial. *Id.* at 21.

3) 19927 Parson Green Court, Katy, TX, owned by Catherine Popovici at the time of

Hurricane Harvey. *Id.* at 21. Like many other properties involved in this lawsuit, the Popovici property is located in Harris County, in a residential subdivision located upstream of the Barker Reservoir. The property is improved with a single-family home and is located outside of the 500-year floodplain. *Id*. Like other properties in this lawsuit, during Hurricane Harvey, no flood water entered the home. *Id.* Following Hurricane Harvey, Ms. Popovici and her family continue to live at the subject property and expressed no concrete plans to sell it. *See* Liability Trial Tr. 1243:24 to 1244:19; 1245:23 to 1246:3 (Popovici).

Dated: January 21, 2020

                                      Respectfully submitted,

                                      JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

*By /s/ William Shapiro*
WILLIAM J. SHAPIRO
KRISTINE S. TARDIFF
LAURA W. DUNCAN
SARAH IZFAR
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
501 I Street, Suite 9-700
Sacramento, CA 95814
916-930-2207 (office)
William.shapiro@usdoj.gov

*Counsel for the United States*