# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| In re UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Sub-Master Docket No. 17-9001L |
| THIS DOCUMENT APPLIES TO: | Judge Charles F. Lettow |
| ALL UPSTREAM CASES | |

## UPSTREAM PLAINTIFFS' NOTICE OF PROPOSED TEST PROPERTIES FOR DAMAGES PHASE

On December 17, 2019, the Court concluded the liability phase of the trial by finding the government liable because the liability trial demonstrated "that the government's actions relating to the Addicks and Barker Dams and the attendant flooding of plaintiffs' properties constituted a taking of a flowage easement under the Fifth Amendment." (ECF No. 260, December 17, 2019 Opinion and Order, p. 46.) At the same time, the Court directed each of the parties "to file with the court a notice detailing its three proposed test properties for damages and its respective arguments for selection of those properties as bellwethers by January 21, 2020." *Id.* Pursuant to the Court's directive, plaintiffs in the upstream sub-master docket ("Upstream Plaintiffs"), by and through the undersigned upstream co-lead counsel, submit the following proposed test properties (along with alternatives in the event of overlap or other utility to the Court).

Upstream Plaintiffs recognize and are aware that the government proposed the Burnham property, the Micu property, and the Popovici property. (ECF No. 263.) Upstream Plaintiffs concur in the selection of the Burnham property and the Popovici property.[1] To round out the scope of flood victims, Upstream Plaintiffs propose the following three test properties for trial on damages.

---

[1] Upstream Plaintiffs support the inclusion of the Burnham property and the Popovici property for the following reasons:

**Upstream Plaintiffs' Principal Damages Test Property Selections**

In order presented, Upstream Plaintiffs recommend the following test properties for the damages phase of the trial. The claims of the below-identified plaintiffs present legal and factual issues that, individually, represent the claims of their corresponding group and, collectively, present the greatest number of legal and factual issues to be resolved. As discussed in more detail below, each of the Upstream Plaintiffs' test-property selections for the damages phase presents a different set of circumstances that deserve adjudication for a more complete evaluation of the thousands of upstream flood victims who need and deserve answers and a resolution of these issues.

**1.   Kulwant Sidhu**

Kulwant Sidhu's claim represents owners of businesses and income-producing properties. Mr. Sidhu jointly owns twenty-nine condominium units used as residential rental properties and

---

**Catherine Popovici**

Catherine Popovici's claim represents residential property owners who did not experience structure flooding. Her property is situated within the Barker Reservoir in Katy, Texas at 19927 Parsons Green Court. Among the existing test properties, Ms. Popovici's property is unique because water rose to nearly the top of her foundation but did not enter the home. The impounded flood water remained on Ms. Popovici's property between four and six days and prevented ingress or egress. The entire outer section of both flooded reservoirs are made up of people in the same situation as Ms. Popovici: water detained on property but not inside the residential structure. Adopting Ms. Popovici as a test-property plaintiff for the damages phase will allow for an evaluation of just compensation for flooding outside the principal structure, including reduced property values resulting from the complained-of taking.

**Elizabeth Burnham**

Elizabeth Burnham's claim represents residential property owners who experienced structure flooding. Her property is located within the Addicks Reservoir in Houston, Texas at 15626 Four Season Drive. Ms. Burnham's property flooded with approximately four to five feet of impounded flood water within her structures. The detained flood water stayed in Ms. Burnham's home for at least seven days. Along with substantial damage to her home, Ms. Burnham lost personal property resulting from the detained storm water. The government-induced flooding rendered Ms. Burnham's home uninhabitable for a period of months. In January 2018, Ms. Burnham sold the property "as is" to a buyer that renovated and sold the property. Adopting Ms. Burnham as a test-property plaintiff for the damage phase will allow an adjudication of the value of damages attendant to displacement and lost use, as well as just compensation for personal property, flooded structures, and reduced property values resulting from the complained-of taking.

situated within the Addicks Reservoir in Houston, Texas at 16111 Aspenglenn Drive. The Court adjudicated liability with respect to two of his 29 units: Unit 603 (a first-floor, downstairs unit) and Unit 604 (a second-floor, upstairs unit directly above Unit 603). Government-induced flooding within the downstairs unit reached approximately 2.4 feet and remained for about 4.5 days. The flood damage required gutting and renovating Unit 603—a process that took nearly a year, during which time the unit could not be rented. Adopting Mr. Sidhu as a test-property plaintiff for the damages phase will allow for an adjudication of business-related damages and impairments, income-based property value, lost personal property, damage to flooded structures, and reduced property values resulting from the complained-of taking.

**2.    Scott Holland**

Scott Holland's claim represents renters who experienced structure flooding. Mr. Holland rented a property situated within the Addicks Reservoir in Houston, Texas at 1923 Wingleaf Drive. The Holland leasehold suffered structure flooding to approximately 1.5 feet in depth. Mr. Holland had to evacuate his home. Detained flood water remained in Mr. Holland's home for about 3.5 days. Mr. Holland's personal property was destroyed by the flooding. Because the flood waters rendered the home that he rented uninhabitable, Mr. Holland was forced to move away from Houston. Mr. Holland now resides in a small trailer, far from his flooded home. Mr. Holland's circumstance allows for an adjudication of the value of displacement and lost use, as well as just compensation for personal property, lost leasehold interest, and other damages resulting from the complained-of taking.

**3.    Todd and Christina Banker**

Todd and Christina Banker's claim represents residential property owners who experienced structure flooding. The Bankers' residential property is located within the Barker reservoir in Fort Bend County, Texas at 4614 Kelliwood Manor Lane. Flooding within the Banker home reached approximately 1.1 feet. The Bankers evacuated their home on the morning of August 28 and returned

on September 4. During that period, detained flood water was present in the home for approximately four days. In addition to structural damage to the home, much of the Banker's personal property was destroyed by the flooding. The home was uninhabitable for about seven months while it underwent remediation. The Bankers' circumstance allows for an adjudication of the value of damages attendant to displacement and lost use, as well as just compensation for personal property, flooded structures, and reduced property values resulting from the complained-of taking.

## **CONCLUSION**

Upstream Plaintiffs respectfully request that the three victims of government-induced flooding offered herein be selected as test properties in the damages phase because the proposed test properties, taken in sum, address structure residential flooding, non-structure flooding, landlords/businesses, and renters. Each type of ownership interests (owner/renter/landlord) and circumstance (structure flood/non-structure flood) deserves adjudication and resolution. Upstream Plaintiffs welcome the opportunity to confer with the Court with respect to any of these issues at the Court's convenience. Dated: January 21, 2020.

| | |
|---|---|
| _/s/ Daniel H. Charest_ | _/s/ Charles Irvine_ |
| Daniel H. Charest | Charles Irvine |
| Larry Vincent | Irvine & Conner PLLC |
| Burns Charest LLP | 4709 Austin Street |
| 900 Jackson Street, Suite 500 | Houston, Texas 77004 |
| Dallas, Texas 75202 | 713-533-1704 |
| 469-904-4550 | charles@irvineconner.com |
| dcharest@burnscharest.com | |
| lvincent@burnscharest.com | **Co-Lead Counsel, Upstream Discovery, Dispositive Motions, and Trial** |
| **Co-Lead Counsel, Upstream Discovery, Dispositive Motions, and Trial** | |
| **Co-Lead Counsel for Upstream Plaintiffs as to Jurisdictional Discovery, Motion to Dismiss and Scheduling** | |
| _/s/ Armi Easterby_ | _/s/ Vuk Vujasinovic_ |
| Edwin Armistead "Armi" Easterby | Vuk S. Vujasinovic |
| Williams Hart Boundas Easterby, LLP | VB Attorneys, PPLC |
| 8441 Gulf Freeway, Suite 600 | 6363 Woodway Drive, Suite 400 |
| Houston, Texas 77017 | Houston, Texas 77057 |
| 713-230-2200 | 713-224-7800 |
| aeasterby@whlaw.com | vuk@vbattorneys.com |
| **Co-Lead Counsel, Upstream Discovery, Dispositive Motions, and Trial** | **Of Counsel for Upstream Plaintiffs as to Jurisdictional Discovery, Motion to Dismiss, and Scheduling** |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing instrument, together with all exhibits, was served on all counsel of record in this Sub-Master Cause by filing it via the Court's ECF system on January 21, 2020.

_/s/ Daniel H. Charest_
Daniel H. Charest

5