IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| IN RE UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS ) ) ) ) ) | Sub-Master Docket No. 17-cv-9001L |
| ) ) | Judge Charles F. Lettow |
| THIS DOCUMENT RELATES TO: ) ) | *Electronically filed May 17, 2020* |
| ALL UPSTREAM CASES ) ) | |

**UNITED STATES' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO EXTEND FACT DISCOVERY DEADLINE FOR JUST COMPENSATION PHASE**

Plaintiffs oppose any extension of the fact discovery schedule set by the Court in February 2020, ignoring the disruption caused to the litigation since then by COVID-19 safety measures and pending discovery disputes. While the United States most certainly has a preference for in-person depositions, its request for a 60-day extension is not based on that stated preference alone, but is warranted for other independent reasons. For example, though the parties are working cooperatively regarding document production requests, they have both experienced delays in collecting and producing documents. Further, the United States' recent filing of both a motion for a protective order and a motion to compel discovery highlights disagreements about what evidence is relevant in the just compensation phase. Additional time is required to resolve these pending discovery disputes, complete responses to written discovery requests already served, and to then take remaining fact depositions. For at least these reasons, an extension of the fact discovery schedule is appropriate and warranted.

Both parties have continued to have delays in collecting and processing documents, which has other cascading effects to the parties' discovery efforts. For example, only some of the

1

Plaintiffs have produced documents requested in the United States' Fourth Set of Requests for the Production of Documents, served on February 25, 2020. Documents for two Plaintiffs (Sidhu and Popovici) were just produced on May 14, 2020.[1] Moreover, as described in the United States' Motion to Compel, filed on May 14, 2020, Plaintiffs are withholding documents responsive to a document request that are both relevant to this phase of the litigation and addressed by the Court's existing protective order for discovery documents. U.S. Mot. to Compel Prod. of Disaster Related Casualty Loss Documents, ECF No. 292. An extension of the fact discovery deadline will allow for resolution of this motion, and completion of document production in response to discovery requests served on February 25, 2020, in advance of taking depositions of the Plaintiffs.[2]

Further, Plaintiffs claim no discovery extension is needed because they timely served their discovery requests, ignoring the parties' significant disputes about those requests. For example, despite the narrow focus of this phase of the litigation to determine just compensation for just six test properties, Plaintiffs' Rule 30(b)(6) Notice seeks the designation and production of Rule 30(b)(6) witnesses on 49 different topics; several of which include sub-topics; which relate to at least 20 different federal agencies; many of which seek designation of witnesses to provide legal analysis, legal opinions or legal conclusions; or which ask for designation of witnesses to speculate as to future government decision-making by numerous federal agencies. None of these topics are reasonably targeted nor proper for a Rule 30(b)(6) deposition, particularly not at this phase of the litigation. Because the parties were unable to resolve their disputes regarding

---

[1] To be clear, the United States understands that it has been challenging to collect and produce documents in the past few months—it, too, continues to work to collect and produce documents to the first set of Requests for Production that Plaintiffs served in this phase of the litigation due to delays stemming from COVID-19 safety measures. However, the challenges facing both parties in collecting and producing documents underscore the need for an extension to discovery to the discovery schedule.

[2] The parties recently agreed to the postponement of the depositions of the Plaintiffs that were noticed for the week of May 18, 2020.

Plaintiffs' Rule 30(b)(6) Notice, the United States had to file a motion for protective order on May 13, 2020, to seek relief from the oppressive requests. U.S. Mot for Prot. Order Precluding Dep. Under Plf.'s Rule 30(b)(6) Dep. Not., Doc. No. 291. The fact discovery period should be extended to allow adequate time for briefing and resolution of this motion.

     For the foregoing reasons, and for good cause, the United States requests that the Court grant its motion for a sixty-day extension of time, up to and including, July 27, 2020, to complete fact discovery in the just compensation phase.

Dated May 17, 2020

                                          Respectfully submitted,

                                          JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/ Kristine S. Tardiff by Laura W. Duncan*
KRISTINE TARDIFF
LAURA W. DUNCAN
SARAH IZFAR
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Post Office Box 7611
Washington, D.C. 20044-7611
Tel: (603) 230-2583
Fax: (202) 305-0506
E-mail: kristine.tardiff@usdoj.gov

*Counsel for the United States*