# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| In re UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS<br><br>THIS DOCUMENT APPLIES TO:<br><br>ALL UPSTREAM CASES | Sub-Master Docket No. 17-9001L<br><br>Judge Charles F. Lettow |

### UPSTREAM PLAINTIFFS' NOTICE OF PROPOSED AGENDA FOR MAY 18, 2020 STATUS CONFERENCE

In anticipation of the status conference scheduled for May 18, 2020, upstream co-lead counsel submits the following items as an agenda for the Court's consideration:

### PENDING MOTIONS

1. <u>Government's Motion to Extend Fact Discovery Deadline</u>. The motion (ECF No. 286) and response (ECF No. 289) are filed and Plaintiffs are prepared to answer the Court's questions. Plaintiffs respectfully suggest that the Court be given a full update on all fact discovery matters before deciding this motion.

2. <u>Government's Motion for Protective Order</u>. The motion (ECF No. 291) was filed on May 13, 2020. The government seeks to avoid presenting a witness on behalf of the United States with respect to a host of topics. Plaintiffs' response is due on or before May 27, 2020.

3. <u>Government's Motion to Compel</u>. The motion (ECF No. 292) was filed on May 14, 2020. The government seeks to compel tax records from the test property plaintiffs. Plaintiffs' Response is due on or before May 28, 2020.

### FACT DISCOVERY PROGRESS

4. <u>Second test property site inspections</u>. The government has completed second site inspections of the four test properties it requested: Sidhu, Popovici, Micu, and Banker. Plaintiffs are scheduled to inspect the new outlet structures and gages at Barker and Addicks on May 26, 2020.

5. <u>Remote deposition protocol</u>. The parties have tested the technologies for remote depositions. The parties have agreed to stipulations governing agreed protocols for the remote depositions. Indeed, the first remote deposition took place Friday, May 15, with counsel in attendance from across the country and very little by way of technological difficulties.

6. <u>Government depositions of plaintiffs' fact witnesses</u>. The government has noticed depositions of each test property plaintiff. The government has requested that these be taken out of time to see if in-person depositions are feasible. Plaintiffs agreed to the government's request and will coordinate dates in June. But, importantly, the government agreed that taking these depositions out of time would not serve as cause or support the government's motion to extend discovery. Due to his health issues, the parties have agreed to take the deposition of Scott Holland upon written questions, with the option for the government to submit a round of follow-up written questions.

7. <u>Plaintiffs' depositions of Government fact witnesses</u>. Plaintiffs deposed (in part) Mr. Robert Thomas as a fact witness using remote deposition technology. In addition, Plaintiffs have noticed the depositions of the following government fact witnesses: Timothy Nelson (USACE), Dr. Elizabeth Asche (FEMA), Ms. Pam Glasschroeder (FEMA), as well as witnesses from USGS and the IRS whose names have yet to be disclosed by the government.

8. <u>RCFC 30(b)(6) deposition of the government</u>. On April 15, 2020, to obtain the government's position on important aspects of the just compensation phase, Plaintiffs served a notice of 30(b)(6) deposition on the government (ECF No. 291-1, Exh. 1). The notice identified forty-eight subjects for the 30(b)(6) witness. In an April 21, 2020 letter, the government informed Plaintiffs that **it refuses to identify a witness for each and every subject matter in the notice**. (ECF No. 291-1, Exh. 2). To accommodate a discussion, Plaintiffs re-issued the notice for May 27-28. The parties met and conferred. But they could not reach agreement. Plaintiffs intend to stand on the notice. The government filed a Motion for a Protective Order (ECF No. 291).

9. <u>Production</u>. Plaintiffs served requests for production on February 20 (Eighth requests Nos. 35–70)), March 10 (Ninth requests No. 71–88)), and March 12, 2020 (Tenth requests Nos. 89–93). **The government has objected to every single request.** And, so far, the government has produced nothing for requests Nos. 35–70, twenty pages of FEMA documents and a GIS file for requests No. 71–88, and just two Corps documents for requests No. 89–93 (the 2019 Addicks and Barker Emergency Action Plan, May 2019 and the FY 2018 Annual Water Control Report, July 2019). On May 14, 2020, the day before the Robert Thomas deposition, the government produced the new Water Control Manual that had been approved and operational since November 2019. In light of the blanket objections, paltry production to date, and for the reasons discussed below, Plaintiffs anticipate filing a motion to compel. Plaintiffs have served additional requests (Eleventh requests Nos. 94–98, and Twelfth requests 99–105) and responses are due May 23 and May 27 respectively.

10. <u>Interrogatories</u>. On April 8, 2020, Plaintiffs served interrogatories Nos. 17–25, including fact and contention interrogatories. **The government objected to every interrogatory and refused to answer Nos. 17 through 22**. The parties have met and conferred and were unable to reach agreement. Plaintiffs anticipate filing a motion to compel.

11. <u>Admissions</u>. On April 28, 2020, Plaintiffs served their Third requests for admissions Nos. 134–232. The government response is due May 28, 2020.

## FACT DISCOVERY DISPUTES

12. <u>The government resists all attempts to discovery information about the flowage easement</u>. On April 30, 2020, this Court ruled on the geographic & vertical extent of the easement, as well as the date of take (ECF No. 283). The Court recognized other disputed matters "concerning the scope of rights reserved by the property owners and the scope of rights obtained by the easement holder." Op. at 5. The Court declined to rule on these matters, stating it "need not address each of these hypothetical disagreements to provide sufficient guidance to inform a reasoned valuation

assessment in preparation for a trial on damages." *Id.* The government appears to take the position that any discovery on the easement matters is impermissible because, the government contends, it "is a question of law for the Court." *e.g.* ECF No. 291-1, Exh. 2 at 2 (Letter from counsel refusing to designate witness of scope of easement topics, Apr. 21, 2020); Mot. for Protective Order. at 5 (ECF No. 291); ECF No. 291-1, Exh. 7. This leaves Plaintiffs without information about how to value just compensation.

13.     For example, Plaintiffs sought discovery on what the government, as the flowage easement owner, will allow and not allow the Plaintiff property owner, or future property owner to do in the easement. The government owns the right to temporarily store a certain volume of impounded water on the property up to the depth of the Harvey pool. Is the property owner allowed to bring in fill material to elevate the property above the Harvey pool level, thereby extinguishing the easement? Or will the government—as it has done in other flowage easements—sue to enjoin the placement of any fill material because it interferes with the government's rights and impairs the public purpose of the easement. *E.g. United States v. Austin Two Tracts, Ltd. P'ship*, 239 F. Supp. 2d 640, 643 (E.D. Tex. 2002); *Hart v. U.S.*, 945 F. Supp. 1009, 1012-1013 (E.D. Tex. 1996); *United States v. Fisher-Otis Co.*, 496 F.2d 1146, 1152 (10th Cir. 1974). Similarly, what would the government do if the property owner built a watertight wall around the property line, or flood-proofed the home to keep impounded water out. The government has factual knowledge of how it has treated flowage easements in the past, and has factual knowledge about the Corps' policies, guidance, and procedures concerning the regulation of flowage easements it owns. Plaintiffs are entitled to discovery these facts. But the government is refusing to present a witness or respond to written discovery on these topics.

14.     <u>Discovery regarding post-trial developments/studies</u>. Mr. Thomas testified in his deposition that the Corps is currently undertaking the Buffalo Bayou and Tributaries Resiliency Study. *See* https://www.swg.usace.army.mil/Missions/Projects/Buffalo-Bayou-and-Tributaries-Resiliency-

Study/. Mr. Thomas testified that upstream flooding is within the scope of the study, that alternatives were studied in terms of hydrology, flood risk mitigation, and cost-benefits. But none of these studies or analyses have been produced. The government's position, intertwined with other arguments addressed below, appears to be that any information developed after the date of taking cannot be relevant to the taking and/or just compensation. But the government offers no support for the proposition. And the position makes no sense. Whatever they are—whether learned before or after the date of take—the facts remain the same. And Plaintiffs are entitled to discovery these facts.

15. <u>Hydrology and frequency</u>. The government objects and refuses to produce any post-trial studies, data, or analyses concerning hydrology, hydraulics, rainfall frequencies, flood risks relevant to the Addicks and Barker Project. During his deposition, Mr. Thomas testified that this information exists. Plaintiffs need this discovery in order for their experts to factor in risk and flood frequencies into their appraisals. Plaintiffs offered a stipulation to the government that they would drop these requests if the parties stipulate that risk and frequency will not be factors used to determine just compensation. The government has not agreed to limit the use of these data but, at the same time, has refused to provide it.

16. <u>Deliberative process privilege</u>. The government has sought to cloak its post-Harvey work in an inapplicable privilege. By way of example, the government is refusing to provide (whether in deposition, responses, or productions) information about the Buffalo Bayou and Tributaries Resiliency Study under the theory that all the facts, data, and other factual information gathered for the study is protected from discovery either because the draft report has not been released to the public or the final report has not been signed by the Chief. This came up many times during the deposition of Robert Thomas, which had to be adjourned early after counsel for the government instructed the witness not to answer questions due to the assertion of deliberative process privilege. However, facts and data are not covered by the deliberative process privilege. And, even if the privilege

applies, the facts and data in the studies/analyses can be severed from any predecisional and deliberative document itself. The discovery order in this matter governs the assertion of deliberative process privilege, yet the government has failed to comply with that order. ECF No. 74 ¶ 38 ("The Parties agree that the United States' assertion of deliberative process privilege **may be made by first identifying documents withheld as deliberative process privileged on the privilege log and, second, providing a declaration supporting that assertion within 45 days after service of the privilege log**."). No such privilege log or declaration has been produced by the government.

17. <u>Failure to designate 30(b)(6) witnesses</u>. Asserting the objections above (and others) the government seeks to avoid providing testimony on behalf of the United States. Plaintiffs are entitled to hear the government's position on just compensation and related calculations and analyses in discovery and will file their response to the government's motion for a protective order.

18. <u>Non-responsive interrogatory answers</u>. The government fundamentally asserts that the responses to Plaintiffs' interrogatories (a) call for legal conclusions and (b) are the subject of expert discovery. But Plaintiffs are entitled to hear the government's position on just compensation and related calculations and analyses in discovery and expect to file a motion to compel.

## SCHEDULE

19. On February 14, 2020 Plaintiffs proposed a schedule for expert discovery, pretrial deadlines, and trial. ECF No. 272 at 3. Plaintiffs are prepared to discuss the schedule for the next step, and procedures for setting a trial (whether in-person or remote). In particular, Plaintiffs encourage the setting of a trial date and a date by which the parties must disclose trial witnesses.

Dated: May 17, 2020

Respectfully submitted,

| | |
|---|---|
| _/s/ Charles Irvine_ | _/s/ Daniel Charest_ |
| Charles Irvine | Daniel Charest |
| Irvine & Conner PLLC | Larry Vincent |
| 4709 Austin Street | Burns Charest LLP |
| Houston, Texas 77004 | 900 Jackson Street, Suite 500 |
| 713-533-1704 | Dallas, Texas 75202 |
| charles@irvineconner.com | 469-904-4550 |
| | dcharest@burnscharest.com |
| **Co-Lead Counsel for Upstream Plaintiffs** | lvincent@burnscharest.com |
| | |
| | **Co-Lead Counsel for Upstream Plaintiffs** |
| | |
| _/s/ Armi Easterby_ | _/s/ Vuk Vujasinovic_ |
| Edwin Armistead "Armi" Easterby | Vuk S. Vujasinovic |
| Williams Hart Boundas Easterby, LLP | VB Attorneys, PLLC |
| 8441 Gulf Freeway, Suite 600 | 6363 Woodway Dr., Suite 400 |
| Houston, Texas 77017 | Houston, Texas 77057 |
| Telephone: (713) 230-2200 | 713-224-7800 |
| aeasterby@whlaw.com | Vuk@vbattorneys.com |
| | |
| **Co-Lead Counsel for Upstream Plaintiffs** | **Of Counsel for Upstream Plaintiffs** |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing instrument was served on all counsel of record in this Sub-Master Cause by filing it via the Court's ECF system on May 17, 2020.

_/s/ Daniel Charest_
Daniel Charest