IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IN RE UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | ) ) ) ) ) | Sub-Master Docket No. 17-cv-9001L |
| ———————————————— | ) | Judge Charles F. Lettow |
| THIS DOCUMENT RELATES | ) ) | *Electronically filed July 27, 2020* |
| TO: ALL UPSTREAM CASES | ) ) | |
| ———————————————— | | |

## **UNOPPOSED MOTION FOR PERIODIC DISCOVERY STATUS CONFERENCES**

In tandem with the government's unopposed request for a 90-day extension of the current fact discovery deadline, Upstream Plaintiffs respectfully move for and propose the establishment of periodic discovery conferences in this matter. This request, which is unopposed by the government (subject to the government's position which is included below), is based on considerable discussions by the parties regarding fact discovery that remains to be completed following the Court's Order of June 29, 2020, ECF No. 311 (the "June 29 Order"). In addition, the requested extension of the fact discovery deadline by the government is expressly based on a framework and conditions agreed to by the parties (including Upstream Plaintiff's present motion) in order to facilitate the completion of fact discovery by the proposed extended deadline. For these reasons, which are detailed below, good cause exists to establish the status conference procedure requested below.

### **UPSTREAM PLAINTIFFS' PROPOSED PROCEDURE FOR CONTINUED COURT OVERSIGHT**

On February 28, 2020 the Court set the deadline for completing fact discovery as May 28, 2020. *See* ECF No. 273. Subsequently, on the government's motion, the Court reset the deadline for completing fact discovery at July 27, 2020. *See* ECF No. 295. The government now proposes a 90-day extension of the deadline to complete fact discovery to July 27, 2020. *See* ECF No. 313. As past is

prologue, Upstream Plaintiffs are mindful of the potential for future delays and want to avoid any further extensions. To that end, Upstream Plaintiffs respectfully request, and (subject to the statement below) the government does not oppose, that the Court establish a standard, weekly hearing setting for discovery issues (each Thursday at 3pm, for example) with the following process:

A.  If either of the parties needs Court intervention (having attempted to resolve the issue through conference), that party (or parties) will identify the topics at issue and provide summary briefing a week in advance of the setting. The responding party may brief the issues two days before the hearing. And the Court addresses the issues in due course, whether at the hearing, through written orders, or upon subsequent briefing.

B.  If neither of the parties need the hearing, the parties will jointly notify the Court that the particular week's hearing can be passed at the time the agenda/briefing would otherwise be due. The hearing date, in that circumstance, would pass. And the cycle repeats until fact discovery is complete.

Upstream Plaintiffs believe that the Court's presence will keep fact discovery moving forward apace. Given the short amount of time left, Upstream Plaintiffs believe the parties need ready access to the Court in the event of discovery disagreements, such as those that culminated in the motion practice made subject of the Court's June 29, 2020 Order. Having ready access to the Court will be indispensable to completing discovery within the allotted (and now extended) time. Upstream Plaintiffs have seen similar case-management strategies employed to good effect, and having periodic conferences will not prejudice either side.

## GOVERNMENT'S RESPONSE

The governemnt is not opposed to the scheduling of periodic discovery status conferences with the Court during the remaining period of fact discovery, but submits that a standing weekly call

is unnecessarily burdensome for both the Court and the parties. The government defers to the Court on the scheduling of such discovery conferences, but suggests that the scheduling of one or two conferences during the three month extension of the fact discovery period, with an option for the parties to contact the Court should an additional conference be required, is adequate.

## CONCLUSION

For the foregoing reasons, and for good cause, Upstream Plaintiffs request that the Court employ the case-management strategy described above.

Dated July 27, 2020

Respectfully submitted,

*s/ Daniel H. Charest*

Daniel H. Charest
Larry Vincent
Burns & Charest LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
469-904-4550
dcharest@burnscharest.com
lvincent@burnscharest.com
    *Co-Lead Counsel, Upstream Pre-Trial Discovery and Dispositive Motions*
    *Co-Lead Counsel for Upstream Plaintiffs as to Jurisdictional Discovery, Motion to Dismiss, and Scheduling*

Charles Irvine
Irvine & Conner PLLC
4709 Austin Street
Houston, Texas 77004
713-533-1704
charles@irvineconner.com
    *Co-Lead Counsel, Upstream Pre-Trial Discovery and Dispositive Motions*

3

Edwin Armistead "Armi" Easterby
WILLIAMS HART BOUNDAS
EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713-230-2200
aeasterby@whlaw.com
*Co-Lead Counsel, Upstream Pre-Trial Discovery
and Dispositive Motions*

Vuk S. Vujasinovic
VB ATTORNEYS, PLLC
6363 Woodway Dr., Suite 400
Houston, Texas 77057
713-224-7800
vuk@vbattorneys.com
*Of Counsel for Individual Upstream Plaintiffs as
to Jurisdictional Discovery, Motion to Dismiss,
and Scheduling*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certified that a true and correct copy of the foregoing instrument was served on all counsel of record in this Sub-Master Cause by filing it via the Court's ECF system on July 27, 2020.

*s/ Daniel H. Charest*
Daniel H. Charest