IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| IN RE UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | ) ) ) ) ) ) ) ) ) ) ) |  Sub-Master Docket No. 17-cv-9001L<br><br>Judge Charles F. Lettow<br><br>*Electronically filed August 31, 2020* |
| THIS DOCUMENT RELATES TO:<br><br>ALL UPSTREAM CASES | | |

## UNITED STATES' REPLY TO PLAINTIFFS' RESPONSE TO ITS MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES PURSUANT TO RCFC 33(a)(1)

Pursuant to Rules 7.2(a)(1) and 33(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the Defendant United States submits this reply to Plaintiffs' Response (ECF No. 324) (Pls.' Resp.) to the United States' Motion for Leave to Serve Additional Interrogatories Pursuant to RCFC 33(a)(1) (ECF No. 320).  The factual information the United States seeks through its interrogatories is relevant, the United States is entitled to seek such information during fact discovery, and the confidentiality of any such information can be maintained in accordance with the terms of the Court's Protective Order, ECF No. 81.  For the reasons set forth in the United States' prior briefing on its Motion to Compel, ECF Nos. 292 and 305, oral argument, and the present motion and this reply, the United States asks the Court to grant its Motion for Leave to Serve Additional Interrogatories.

ARGUMENT

The United States is entitled to information relating to Plaintiffs' disaster-related casualty loss deductions from Hurricane Harvey because such information falls within the scope of discovery allowed under RCFC 26.  Under this rule, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

1

of the case . . . ." RCFC 26(b)(1).  Relevance is broadly construed to encompass "'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" *New Orleans Reg'l Physician Hosp. Org., Inc. v. United States*, 123 Fed. Cl. 637, 643 (2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  Interrogatories are one of the means by which discovery on matters that fall within the scope of RCFC 26(b) may be sought.  RCFC 33.

Information related to Plaintiffs' disaster-related casualty loss deductions from Hurricane Harvey is relevant for a number of reasons, as previously described in recent briefing of a related request for the same information through requests for production of documents.  U.S. Mot. to Compel Prod. of Disaster-Related Casualty Loss Documents, ECF No. 292 at 3-5.

First, the information is relevant to assess whether Plaintiffs received a net economic benefit from the disaster-related casualty loss deductions that should be considered in any award of just compensation.  Plaintiffs' argument that the information is irrelevant because the benefit was available "generally" misinterprets the standard for just compensation.  Pls.' Resp. at 2.  A just compensation award should make a Plaintiff whole, but should not result in a windfall.  *Olson v. United States*, 292 U.S. 246, 255 (1934).  The disaster-related casualty loss deductions were special deductions authorized for the express purpose of providing tax relief for losses sustained as a result of Hurricane Harvey.  *See* IRS Publication 976, Disaster Relief at 2 (March 1, 2018), available at https://www.irs.gov/pub/irs-pdf/p976.pdf.  If the flood-related property losses and repairs that Plaintiffs claim in this case were already compensated through federal tax relief, even if only in part, such information is relevant to an award of just compensation regardless of whether the tax deduction was available generally or not.

Second, information related to how the disaster-related casualty loss deduction was calculated is relevant to determining any amount of just compensation owed for the alleged costs to

repair the properties and alleged decreases in market value.  Taxpayers who availed themselves of the deduction had multiple options for calculating the deduction, such as 1) listing the cost of repairs actually made to the property, and 2) documenting a decrease in the fair market value of the damaged property through a competent appraisal.  *See* U.S. Reply to Mot. to Compel at 6-7.  If Plaintiffs used such methods to calculate their deduction, such analyses are fair grounds for discovery.  Such calculations would also have been certified by the taxpayer and prepared closer in time to Hurricane Harvey.

Plaintiffs do not question the relevance of this loss-related information to the litigation, or that they hold the only discoverable information on this matter, but instead argue that seeking information beyond the amounts on a tax return is too intrusive to be allowed.  But the Court has already determined that the United States can seek this very information.  Order, ECF No. 311 at 3 (June 29, 2020).  In addition, the Court has already taken steps to protect Plaintiffs' privacy by denying the United States' Motion to Compel the information through a request for production of documents, specifically tax returns and supporting documents.  *Id.*  Further, the protective order in this case was requested jointly by the parties to protect sensitive information expected to be sought in discovery, and that protective order can be used for this subject matter, too. Prot. Order, ECF No. 81.

Relatedly, Plaintiffs claim that any questions beyond the amount of the claimed tax deduction are intrusive because the information could subject them to an IRS audit.  Pls.' Resp. 4.  But the IRS already has Plaintiffs' tax returns and any supporting documentation that was filed with the IRS.  That information is simply not available to the United States in this litigation, and therefore is only available from Plaintiffs.  U.S. Mot. to Compel, ECF No. 292 at 8.  More important, and as described above and addressed at the August 21 status conference, the purpose of this discovery is to discover information relevant to Plaintiffs' losses to inform an award of just

compensation, *not* to initiate an audit. Hr'g Tr. 13:14-18 (Aug. 21, 2020), ECF No. 323. The accuracy of Plaintiffs' deduction is not at issue in this litigation. Rather, any tax benefit received from the casualty loss deduction as well as the costs of repairs and fair market value of the property around the time of the loss —information that may have been used to calculate the casualty loss deduction—is at issue.

Finally, Plaintiffs propose a compromise where they would provide various information from the tax returns for which they claimed a disaster-related casualty loss deduction. Pls.' Resp. 5. Plaintiffs' compromise proposal combines and modifies Defendant's proposed Interrogatory numbers 26, 27 and 32 into two interrogatories. The United States is willing to modify Interrogatory No. 32 so that it follows the format proposed by Plaintiffs, with some minor adjustments.[1]

---

[1] Following Plaintiffs' proposed formatting, the United States is willing to combine and slightly amend Interrogatory Nos. 27 and 32 into a single interrogatory, as follows:

> State the year(s) for which you claimed a Harvey loss deduction and the following information from your Form 1040 or Form 1040 Schedule A for each such year. The Form 1040 or Schedule A line numbers listed below correspond with the forms in effect in 2016 and 2017. The line numbers may vary if you claimed a Harvey loss deduction in a different year.
>     a. Your filing status
>     b. Line 28, Schedule A (Other Miscellaneous deductions – but including only amount attributable to Hurricane Harvey or Tropical Storm Harvey);
>     c. Line 37 (Adjusted Gross Income);
>     d. Line 43 (Taxable Income);
>     e. Line 44 (Tax or Total Tax Liability);
>     f. Line 45 (Alternative Minimum Tax – if this amount is not zero, list the amount stated on Line 45)
>     g. If Line 45 is not zero (0), then Line 28 from Form 6251 (attached to Form 1040).

While this information would be helpful to calculating any net economic benefit of the claimed casualty loss deduction, allowing all of the interrogatories[2] will allow the United States to better understand any net economic benefit enjoyed by Plaintiffs. Further, Plaintiffs' response and proposed interrogatories ignore the second, entirely legitimate, purpose for seeking the information—to discover any calculations about the cost of repairs or evidence-based fair market value loss to Plaintiffs' property. Those calculations and evidence are highly relevant in the just compensation phase of this cases, separate and apart from any claimed casualty loss deduction. The fact that such calculations or evidence may have been gathered in connection with a claimed loss deduction does not alter the relevancy of the underlying factual information.[3] The Court should allow the United States to discovery this information through the service of its proposed interrogatories.

## CONCLUSION

The United States is entitled to relevant information and will follow the terms of the Court's Protective Order to maintain the confidentiality of sensitive information. For the reasons set forth above and in the United States' Motion for Leave, Defendant respectfully requests that the Court grant its motion and permit it to serve the additional interrogatories appended to its motion.

//

//

//

//

---

[2] As noted during the August 21 hearing, the United States intends to omit Interrogatory No. 34 from the interrogatories it seeks leave to serve on Plaintiffs. Hr'g Tr. 8:14-20 (Aug. 21, 2020).

[3] If Plaintiffs used a method of calculating their casualty loss deduction that did not include a calculation of their repair costs or appraisals of their property, then their answer to the Interrogatories will indicate that as well.

Dated August 31, 2020

                                              Respectfully submitted,

                                              JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

*s/ Kristine S. Tardiff*
KRISTINE S. TARDIFF
LAURA W. DUNCAN
SARAH IZFAR
FRANCES B. MORRIS
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Post Office Box 7611
Washington, D.C. 20044-7611
Tel:  (603) 230-2583
Fax:  (603) 225-1470
E-mail:   kristine.tardiff@usdoj.gov

*Counsel for the United States*