# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| In re UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Sub-Master Docket No. 17-9001L |
| THIS DOCUMENT APPLIES TO: ALL UPSTREAM CASES | Judge Charles F. Lettow |

## REQUEST FOR STATUS CONFERENCE REGARDING TRIAL DATE AND ORDER ON PRETRIAL SCHEDULE (ECF 440)

Daniel H. Charest
E. Lawrence Vincent
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
469-904-4550
dcharest@burnscharest.com
lvincent@burnscharest.com
　*Co-Lead Counsel, Upstream Pre-Trial*
　*Discovery and Dispositive Motions*

　*Co-Lead Counsel for Upstream Plaintiffs*
　*as to Jurisdictional Discovery, Motion to*
　*Dismiss, and Scheduling*

Charles Irvine
IRVINE & CONNER PLLC
4709 Austin Street
Houston, Texas 77004
713-533-1704
charles@irvineconner.com
　*Co-Lead Counsel, Upstream Pre-Trial*
　*Discovery and Dispositive Motions*

Edwin Armistead "Armi" Easterby
WILLIAMS HART BOUNDAS EASTERBY, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713-230-2200
aeasterby@whlaw.com
　*Co-Lead Counsel, Upstream Pre-Trial*
　*Discovery and Dispositive Motions*

On April 7, 2021, the Court set this case for trial on December 6-10, 13-14, 2021, with respect to the just compensation phase of the Harvey upstream litigation. *See* ECF 373. On the government's motion (and over upstream plaintiffs' objection), the Court vacated the December 2021 trial date on August 8, 2021. *See* ECF 391. The Court did not set a trial date at that time; rather, the Court explained that a separate order would issue "setting a new trial date upon confirmation of courtroom availability" in the Houston courthouse for the Southern District of Texas. ECF 391. On January 7, 2022, the Court issued an order "[t]entatively" setting the just compensation trial for March 21 to April 1, 2022. ECF 426. The parties planned accordingly.

On February 8, 2022, the Court ordered the parties to appear for a status conference on February 11, 2022. ECF 436. The subject matter of the status conference was not disclosed. ECF 436. On February 11, 2022, the status conference proceeded as ordered. *See generally* ECF 442 (noting the proceedings and announcing the availability of a transcript).

During the status conference, the Court announced that the trial would not proceed on March 21 as previously ordered but, instead, proposed setting the trial on April 25 for the following two weeks (the "April 25-May 6 setting"). *See* Status Conf. Tr. (2/11/2022), at 5:7-17. Upstream plaintiffs reported a series of conflicts, as to a co-lead counsel, with the proposed April 25-May 6 setting. *See generally id.*, at 6:4-16, 9:1-6, 9:8-10. Ultimately, the conference resulted in a potential setting for May 31 to June 10, 2022 (the "May 31-June 10 setting"). *See generally id.*, at 11:13-12:22. And, during the discussion, the parties and the Court discussed the need to confirm the dates both with the courtroom scheduler and the parties and witnesses. *See generally id.* The Court concluded the conference by projecting the issuance of a "notice of availability of a courtroom . . . within the next several days." *Id.*, at 18:24-19:3. And the government, consistent with the prior discussion, noted that it would "start conferring with [government] witnesses in anticipation of availability from the Court." *Id.*, at 19:25-20:2.

1

On February 14, 2022, the Court issued an order announcing the availability of a courtroom "for the dates of May 31, 2022 through June 10, 2022 to conduct a trial in this case." ECF 440. During the time following the status conference, upstream plaintiffs began receiving feedback from parties and witnesses. While that process has not been fully completed, upstream plaintiffs have identified three conflicts of varying degree with the proposed May 31-June 10 setting. Further, the government informed upstream plaintiffs that the government had identified, as of the time of the last discussion, at least one conflict on its side.

On February 15, 2022, upstream plaintiffs consulted with both the government and Court staff regarding these developments. In those communications, upstream plaintiffs proposed that the undersigned might seek to clear the trial conflict that led to the rejection of the initially-proposed April 25-May 6 setting. But the undersigned noted that, before trying to reschedule the conflicting trial (pretrial hearing set for April 25, 2022 and two-week jury trial set to begin on May 10, 2022, all in the Central District of California), the parties and the Court would need to be otherwise clear for the initially-proposed April 25-May 2 setting, so that those dates (if cleared with respect to the undersigned conflicting trial schedule) would work for the Court as well as the parties.

To discuss the implications of moving away from the tentatively-set March 21 trial date, the Court's February 14 order, and the trial date generally, upstream plaintiffs request a status conference. Upstream plaintiffs anticipate having more complete information with respect to witness/party availability for either setting by February 16, 2022. Upstream plaintiffs cannot speak to the government's timing with respect to gathering the same information.

Dated: February 15, 2022           Respectfully submitted,

/s/ *Daniel H. Charest*
Daniel H. Charest
E. Lawrence "Larry" Vincent
Burns Charest LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
469-904-4550
dcharest@burnscharest.com
lvincent@burnscharest.com
    *Co-Lead Counsel, Upstream Pre-Trial Discovery and Dispositive Motions*
    *Co-Lead Counsel for Upstream Plaintiffs as to Jurisdictional Discovery, Motion to Dismiss, and Scheduling*

Charles Irvine
Irvine & Conner PLLC
4709 Austin Street
Houston, Texas 77004
713-533-1704
charles@irvineconner.com
    *Co-Lead Counsel, Upstream Pre-Trial Discovery and Dispositive Motions*

Edwin Armistead "Armi" Easterby
Williams Hart Boundas Easterby, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713-230-2200
aeasterby@whlaw.com
    *Co-Lead Counsel, Upstream Pre-Trial Discovery and Dispositive Motions*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing instrument was served on all counsel of record in this Sub-Master Cause by filing it via the Court's ECF system on February 15, 2022.

/s/ *Daniel H. Charest*
Daniel H. Charest