IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| In re: UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Sub-Master Docket No. 17-9001L<br><br>Judge Charles F. Lettow |
| THIS DOCUMENT APPLIES TO:<br><br>ALL UPSTREAM CASES | |

**UPSTREAM PLAINTIFFS' NOTICE OF PROPOSED AGENDA FOR
MAY 20, 2022 PRETRIAL CONFERENCE**

Pursuant to the Amended Scheduling Order (ECF No. 521) the pretrial conference for the just compensation phase of trial has been scheduled for Friday, May 20. Upstream Plaintiffs propose the following items be taken up for consideration at that time.

**ISSUES FOR DISCUSSION**

1.  <u>Proffers of Evidence</u>. In its Opinion and Order of April 29, 2022, the Court Granted Upstream Plaintiffs' Motion in Limine on Dr. David LaRue and excluded his testimony. During the Status Conference held on May 2, 2022, the government indicated that it wished to enter a written proffer into the record concerning Dr. LaRue's opinions. The Court expressed that everything essentially related to evidentiary matters be presented orally. The government's plan in this regard remains unclear. But Upstream Plaintiffs echo the Court's preference and request that any proffers be made orally into the record.

2.  <u>Voir Dire of Experts Previously Challenged</u>. As the Court knows, the parties filed numerous pretrial motions to exclude various experts scheduled to testify during the upcoming trial. In its Opinion and Order of April 29, 2022, the Court ordered that Randall Bell, Phillip Bedient, Frank Lucco, Dan Leistra-Jones, and John Postava, with some limitations, would be allowed to testify. Upstream Plaintiffs suggest, as a point of order, that the Court allow the parties to preserve their previously raised pretrial motion arguments for the record, and not require the parties to raise these

same arguments anew in the voir dire process, when the Court is considering whether to admit these individuals as experts in the areas disclosed in their various reports and opinions. But Upstream Plaintiffs invite a discussion to be sure the parties know the process the Court expects in trial.

**3.** <u>Length of Trial Days</u>. Given the complex nature of this proceeding, the large number of witnesses disclosed by the parties, and the failure to achieve stipulations, Upstream Plaintiffs suggest that the Court lengthen each of the nine trial days allotted for this proceeding by 30 minutes each, to assist the parties with time management as a result of the loss of what would normally be a tenth trial day, in a standard two-week setting, due to the Memorial Day Holiday.

4. <u>Real-Estate Handbook</u>. Over three and a half years ago Upstream Plaintiffs issued a request for production for a complete version of ER 405-1-12, known as the Real-Estate Handbook. In response, the government produced a collection of documents which do not appear to contain the current version of the chapter dealing with Acquisitions by USACE, including those dealing with permanent flowage easements. In deposition testimony during this phase of the litigation, Timothy Nelson, the District Chief of Real Estate for the Galveston District, testified that he had a current version of the entire handbook in one PDF file residing on his hard drive. *See* Deposition of Tim Nelson (5/7/2021), at 38:18-23 ("Q. All right. But you have a real estate handbook. You just click a link, and you have all of the chapters 1 through whatever available to you in one body; is that fair? A. Yes, sir, it would be. I have it -- I think have it saved on my hard drive.") This record has not been produced to date by the government in this action – nor has the government agreed to stipulate to the authenticity of the version of the handbook which it did produce.

In recent discussions, the government has refused to stipulate to the contents of its own regulations. That position has refocused the need to receive the actual document. And there can be no burden augment because Mr. Nelson, the District Chief of Real Estate for the Galveston District of USACE, testified that he had a complete copy saved on his computer and, to the extent any updates

had been made, "with about five minutes' worth of work" he could find the current version. *See* Nelson Dep., at 39:15-21 ("Q. . . . And so it [i.e., the copy of the Real Estate Handbook on Mr. Nelson's hard drive] could have been modified in the time that you downloaded it and kept it; but whether it's that file that's sitting right on your desktop or at the click of a link, in about five minutes' worth of work you could find the current version, correct? A. Correct."). The best the government has done is provide an incomplete compilation of regulations (in response to a follow-up request by Upstream Plaintiffs after the Nelson deposition). In the face of the government's refusal to stipulate to the contents of its own regulations, the government should provide a current and complete set of the Real Estate Handbook before trial.

Dated: May 19, 2022

Respectfully submitted,

*/s/ Daniel H. Charest*
Daniel H. Charest
E. Lawrence "Larry" Vincent
Burns Charest LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
469-904-4550
dcharest@burnscharest.com
lvincent@burnscharest.com

> *Co-Lead Counsel, Upstream Pre-Trial Discovery and Dispositive Motions*
> *Co-Lead Counsel for Upstream Plaintiffs as to Jurisdictional Discovery, Motion to Dismiss, and Scheduling*

Charles Irvine
Irvine & Conner PLLC
4709 Austin Street
Houston, Texas 77004
713-533-1704
charles@irvineconner.com

> *Co-Lead Counsel, Upstream Pre-Trial Discovery and Dispositive Motions*

Edwin Armistead "Armi" Easterby
Williams Hart Boundas Easterby, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713-230-2200
aeasterby@whlaw.com

> *Co-Lead Counsel, Upstream Pre-Trial Discovery and Dispositive Motions*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing instrument was served on all counsel of record in this Sub-Master Docket by filing it via the Court's ECF system on May 19, 2022.

*/s/ Daniel H. Charest*
Daniel H. Charest