# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| In re UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Sub-Master Docket No. 17-9001L  Judge Charles F. Lettow |
| THIS DOCUMENT APPLIES TO:  ALL CASES | |

## MOTION TO ALTER AND AMEND JUDGMENT AS TO CATHERINE POPOVICI AND KULWANT SIDHU

On October 10, 2022, the Court entered a Rule 54(b) judgment, which applies to each of the test property plaintiffs in a single judgment. ECF 582. The Court's Rule 54(b) judgment grants a permanent flowage easement over all of the property owned by the test property plaintiffs—including property never taken by the government. And the Court's Rule 54(b) judgment fails to award compensation for the rights taken from Catherine Popovici and Kulwant Sidhu.

Pursuant to Rule 59 of the Court of Federal Claims, plaintiffs Catherine Popovici and Kulwant Sidhu ("Movants") request this Court enter amended, individual, judgments as to each Popovici and Sidhu. In addition to entering separate, individual judgments for Popovici and Sidhu, Movants respectfully request the Court to amend the scope of the easement granted over Movants' properties to prevent manifest injustice. As in *Lee v. United States*, 130 Fed. Cl. 243, 251-52 (2017), Movants do not allege a change in the controlling law or that new, previously unavailable relevant evidence has now become available; only that granting the instant motion is necessary to prevent manifest injustice.[1]

---

[1] Separate judgments are requested to permit decisions by Popovici and Sidhu, independent from the remainder of the Upstream Plaintiffs, on whether to appeal. The remainder of the Upstream Plaintiffs join the motion as to the entry of separate judgments for Popovici and Sidhu. But the remainder of the Upstream Plaintiffs take no position as to the substantive relief requested herein.

## DISCUSSION

On August 30, 2017, the United States physically acquired a permanent flowage easement over a portion of each of Movants' properties through inundation. *In re Upstream Addicks & Barker*, 146 Fed. Cl. 219 (2019). The Court later held that the extent of the government's taking was coterminous with the reach of the actual, physical inundation of each property. *In re Upstream Addicks & Barker*, 148 Fed. Cl. 274, 278 (2020). The Court also held that, by physically occupying Movants' properties, the government assumed a categorical duty to pay just compensation for the rights it took. ECF 581, Opinion and Order, at 29, 32 (Oct. 28, 2022). But the Rule 54(b) judgment violates these precepts, so Movants request amended judgments be entered as to their separate claims.

It is undisputed that only a portion of Popovici's property, and none of the physical space of Movant Sidhu's upstairs condominium unit (No. 604), were inundated. ECF 581, at 3. According to the Court's own reasoning, then, none of the physical expanse of Sidhu Unit 604 and approximately 44% of the Popovici property were <u>not</u> taken and cannot be subject to the government's easement. *See* PX-JC 889, at 44 (delineating portion of Popovici property that was flooded). But the easement reflected in the Addendum to the Court's Opinion and Order describes a flowage easement over the entire expanse of the properties owned by Popovici and Sidhu. ECF 581, at 40, 44. The transfer to the government of private property rights which were never taken is manifestly unjust.

Independent from the dissonance between the physical extent of the taking and the easement, the Court awarded nothing for the right it gave the government to flood the Popovici and Sidhu Unit 604 properties. The just compensation award was comprised of three elements: (1) diminution in real property value including both the diminution in value associated with the right to flood in the future and the damage to attendant structures, (2) damage or destruction of personal property, and (3) displacement costs. ECF 581, at 23. The compensation awarded to Popovici and Sidhu (for Unit 604) consists <u>entirely</u> of amounts for repair to structures in which they had an ownership interest. Neither

Popovici nor Sidhu (for Unit 604) received any compensation for the government's right to flood in the future.[2] And the absence of an award for this aspect of the taking is manifestly unjust. While the Court has significant discretion in fashioning an award of just compensation, the decision to award no compensation whatsoever for the property rights taken satisfies the RCFC 59 standard of obvious manifest injustice. *See Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2072-73 (2021) (characterizing that the right herein taken by the government—the right to exclude—as "one of the most treasured rights of property ownership . . . universally held to be a fundamental element of the property right [and] one of the most essential sticks in the bundle of rights that are commonly characterized as property").

## CONCLUSION

Movants request the Court enter amended, individual judgments as to each Popovici and Sidhu, so that they may each entertain an appeal without impacting any other test property plaintiff.

Movants further request that the Court address the manifest injustices found within the Court's Rule 54(b) judgment: (1) granting easements across properties that are outside the physical extent of the inundation and (2) providing no compensation for the taking of the real property rights as to the Popovici and Sidhu Unit 604 properties.

---

[2] The Court awarded Ms. Popovici a total of $1,401.49 for her "diminution in real property value including damage to attendant structures;" a sum the Opinion confirms only compensates her for repair to her garage structure. Likewise, the Court awarded Mr. Sidhu $534.00 regarding his Unit 604; one half of the $1,067.99 special assessment levied by his condominium association for repair to its common areas. ECF 581, at 29 & n.28; ECF 581, at 35; JX 1177.

Date: November 28, 2022.

Respectfully submitted,

*/s/ Daniel H. Charest*

Daniel H. Charest
E. Lawrence "Larry" Vincent
Burns Charest LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
469-904-4550
dcharest@burnscharest.com
lvincent@burnscharest.com

> *Co-Lead Counsel, Upstream Pre-Trial Discovery and Dispositive Motions*
>
> *Co-Lead Counsel for Upstream Plaintiffs as to Jurisdictional Discovery, Motion to Dismiss, and Scheduling*

Charles Irvine
Irvine & Conner PLLC
4709 Austin Street
Houston, Texas 77004
713-533-1704
charles@irvineconner.com

> *Co-Lead Counsel, Upstream Pre-Trial Discovery and Dispositive Motions*

Edwin Armistead "Armi" Easterby
THE EASTERBY LAW FIRM, P.C.
1502 Glourie Dr.
Houston, Texas 77055
713-230-2200
armi@easterbylaw.com

> *Co-Lead Counsel, Upstream Pre-Trial Discovery and Dispositive Motions*

Vuk S. Vujasinovic
VB ATTORNEYS, PLLC
6363 Woodway Dr., Suite 400
Houston, Texas 77057
713-224-7800
vuk@vbattorneys.com

> *Of Counsel for Upstream Plaintiffs as to Jurisdictional Discovery, Motion to Dismiss, and Scheduling*