# In the United States Court of Federal Claims

Sub-Master Docket No. 17-9001L

(Filed: December 1, 2022)

| | |
|---|---|
| IN RE UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | |
| THIS DOCUMENT APPLIES TO: ALL UPSTREAM CASES | |

## ORDER

Pending before the court is plaintiffs' motion to alter and amend judgment as to Catherine Popovici and Kulwant Sidhu.  ECF No. 586.  The premises of plaintiff's motion are incorrect.  First, movants have misapprehended the scope of the flowage easement.  The court-ordered easement does not "grant[] a permanent flowage easement over all of the property" owned by Mr. Sidhu and Ms. Popovici.  *Id.* at 1.  Instead, the flowage easement covers only those properties that were flooded during the Harvey event and up to "the Harvey flood pool elevations as of August 30, 2017: 101.6 feet . . . behind Barker Reservoir and 109.1 feet . . . behind Addicks Reservoir."  *In re Upstream Addicks & Barker (Texas) Flood-Control Reservoirs*, ___ Fed. Cl. ___, ___, 2022 WL 15805669, at *31 (Fed. Cl. Oct. 28, 2022).  Because Mr. Sidhu's upstairs unit was not flooded, it is not covered by the easement.  *Id.* at *3, *31-32.  Likewise, only the portion of Ms. Popovici's property that experienced flooding is subject to the easement.  *Id.* at *3, 31-32.  Notably, her home was not flooded.

Second, the request for individual judgments is also unavailing.  Individual judgments for movants have already been entered.  *Id.* at *30; *see also Micu v. United States*, Case No. 17-1277 (October 28, 2022 docket entry entering judgment for Ms. Popovici and Mr. Sidhu).

Accordingly, plaintiffs' motion is DENIED.

It is so **ORDERED**.

s/ Charles F. Lettow  
Charles F. Lettow  
Senior Judge