# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| In re: UPSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS<br><br>THIS DOCUMENT APPLIES TO:<br><br>*Jamal Ayesh v. United States*,<br>Cause No. 22-00940L<br><br>All Upstream Cases,<br>Sub-master Docket No: 17-9001L | Sub-Master Docket No. 17-9001L<br><br>Judge Charles F. Lettow |

## CONSENT MOTION FOR LEAVE TO FILE FIRST AMENDED SHORT FORM COMPLAINT

Pursuant to Rule 15 of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiffs named in Plaintiff's Original Complaint ("Movants"), through their undersigned counsel, respectfully request leave to file the proposed First Amended Short Form Complaint attached hereto as Exhibit A. The First Amended Short Form Complaint adds co-owner plaintiffs for properties identified in Plaintiff's Original Complaint.

Movants' counsel has conferred with lead counsel for the United States, and the United States has consented in writing to the amendment of this complaint with the express understanding that the newly added claims are subject to the existing administrative stay, and that, because of the administrative stay, no answers or other deadlines are triggered by the filing of the amended complaint.

Additionally, leave should be granted because (1) the United States will not suffer any prejudice; (2) this action has been administratively stayed since February 2018 and there has been no undue delay, dilatory motive, or bad faith on the part of Plaintiff; and (3) the amendment is not futile. Indeed, the interests of justice require granting leave to file the First Amended Short Form Complaint.

**FACTUAL OVERVIEW**

A. **The Government-Induced Flooding and Ensuing Lawsuits**

1. In connection with Tropical Storm Harvey, the United States operated and used the Addicks and Barker Dams to impound and collect stormwater runoff in their respective reservoirs, submerging thousands of privately-owned properties within the reservoirs. *In re Upstream Addicks & Barker (Texas) Flood-Control Reservoirs*, 146 Fed. Cl. 219, 227-28 (2019).

B. **The Court's Appointment of Co-Lead Counsel and Establishment of the Master and Sub-Master Dockets**

2. In October 2017, using case management techniques comparable to those used in multi-district litigation, the Chief Judge of the CFC issued Management Order No. 1, which consolidated the various Addicks Barker cases in one master docket. Case Management Order No. 1 (Oct. 31, 2017), Master Docket No. 17-3000L, ECF No. 1.

3. In November 2017, the Court held a hearing in Houston, Texas to select lead counsel, and thereafter issued orders appointing co-lead counsel for the downstream and upstream sub-master dockets. Orders Regarding Judicial Assignment and Appointment of Plaintiffs' Counsel (Nov. 20, 2017), Master Docket No. 17-3000L, ECF No. 67-70.

4. The Chief Judge then bifurcated the issues of liability and damages, and subsequently divided the Master Docket into two sub-master dockets--one for downstream properties, *In re Downstream Addicks and Barker (Texas) Flood-Control Reservoirs*, Sub-Master Docket No. 17-9002L, and, pertinent here, one for upstream properties, *In re Upstream Addicks and Barker (Texas) Flood-Control Reservoirs*, Sub-Master Docket No. 17-9001L. *See In re Addicks and Barker (Texas) Flood-Control Reservoirs v. United States*, No. 17-3000L, 2017 WL 6334791 (Fed. Cl. Dec. 5, 2017).

C. **Filing of the Original Complaint in *Jamal Ayesh v. United States*, No. 22-00940L**

5. In August 2022, the undersigned filed Plaintiff's Original Complaint in *Jamal Ayesh v. United States*, No. 22-00940L. Original Complaint (Aug. 17, 2022), Cause No. 22-00940L,

2

ECF No. 1. The Original Complaint identified the upstream property by address, such description including the land, improvements, personal property located thereon, and all legally cognizable property interests associated therewith. *Id.* ¶¶ 5-155.

**D.   Administrative Stay of this Action**

6.   On February 1, 2018, the Court entered a Case Management Order stating:

> All complaints other than the Master Amended Complaint for Upstream Plaintiffs, whether pre-existing or hereafter filed are administratively stayed pending further order of the court, except for providing Test-Property Selection Information as per paragraph 5 infra. Plaintiffs in these stayed actions are relieved of the responsibility to:
> (i) provide initial disclosures pursuant to RCFC 26(a)(1); (ii) respond to the United States' motions for more definite statement; and (iii) respond to the United States' motions to dismiss pursuant to RCFC 12.

Case Management Order (Feb. 1, 2018), Sub-Master Docket 17-9001L, ECF No. 37, page 2, ¶ 3.

7.   That same Case Management Order directed the parties to meet and confer for the purpose of drafting a mutually-agreeable Short Form Complaint adopting the Master Amended Complaint for Upstream Plaintiffs. *Id.*, ¶ 7. On February 20, 2018, the Parties filed their Joint Proposal for the Short Form Complaint. Joint Proposal for Short Form Complaint (Feb. 20, 2018), Sub-Master Docket No. 17-9001L, ECF No. 63. The Court entered an Order granting that Joint Proposal. Order (Feb. 21, 2018), Sub-Master Docket No. 17-9001L, ECF No. 70.

**E.   The Liability Phase**

8.   In February 2018, the United States filed a motion to dismiss under RCFC 12(b)(1) and 12(b)(6). See Motion to Dismiss (Feb. 16, 2018), Sub-Master Docket No. 17-9001L, ECF No. 59. Pursuant to the court's authority under RCFC 12(i) and considering the fact-intensive inquiry this case required, the Court largely deferred resolution of the United States' motion to dismiss until trial. *See In re Upstream Addicks and Barker (Texas) Flood-Control Reservoirs*, 138 Fed. Cl. 658, 672 (2018).

9.   The Court presided over a ten-day trial held in Houston, Texas, commencing on May 6, 2019. Following post-trial briefing, the Court heard closing arguments on September 13, 2019, in

Washington, D.C. On December 17, 2019, the Court found the United States liable to thirteen bellwether property owners under the Fifth Amendment of the United States Constitution for the physical taking of a permanent easement on their properties caused by the government-induced flooding during Tropical Storm Harvey resulting from the United States' authorized construction, maintenance, operation, and use of the Addicks and Barker Dams. *In re Upstream Addicks & Barker (Texas) Flood-Control Reservoirs*, 146 Fed. Cl. 219, 247-64 (2019).

### F. The Just Compensation Phase

10. With liability decided, the cases moved forward to discovery on just compensation in February 2020. *See* Scheduling Order (Feb. 18, 2020), Sub-Master Docket No. 17-9001L, ECF No. 273. Of the thirteen test property plaintiffs at issue in the liability trial, the properties of six test plaintiffs were chosen for the just compensation phase. *In re Upstream Addicks & Barker (Texas) Flood- Control Reservoirs*, 148 Fed. Cl. 274, 275 (2020).

11. Various factors delayed trial preparations, but just compensation phase discovery was completed in or around January 2022. *See* Amended Scheduling Order (Aug. 3, 2021), Sub-Master Docket No. 17-9001L, ECF No. 391. The Court thereafter set a ten-day trial on the just compensation phase to commence in Houston, Texas on May 31, 2022. Amended Scheduling Order (Mar. 3, 2022), Sub-Master Docket No. 17-9001L, ECF No. 448.

### G. The United States' Proportionate Ownership Theory

12. In early 2022, the United States filed a pleading stating that the proper approach for determining just compensation for the test properties designated for the just compensation phase entails: 1) valuing the entire test property; and 2) adjusting the reconciled value (the difference between the fair market value before and after the taking of the easement) by the percentage of the non-plaintiff owners' interest and placing that burden on the plaintiffs. United States' Response to Plaintiffs'

4

Motion to Exclude Evidence and Testimony Regarding Failure to Join Co-Tenants (Mar. 25, 2022), Sub-Master Docket 17-9001L, ECF No. 461, page 4.

13. The United States had not previously plead or disclosed this theory, nor were upstream co-lead counsel aware of the United States' plan to use it. *See* Pls.' Mot. to Join Josena Arquieta as a Named Plaintiff (Mar. 31, 2022), Sub-Master Docket No. 17-9001L, ECF No. 473; Pls.' Mot. to Amend Master Complaint (Apr. 13, 2022), Sub-Master Docket No. 17-9001L, ECF No. 493. Plaintiffs then filed motions to add the co-owners of the just compensation phase bellwether properties by amending the master complaint or by joining them as party plaintiffs. *Id.* Order (Mar. 31, 2022), Sub-Master Docket No. 17-9001L, ECF No. 475. In its response to the latter motion, the United States stated its non-opposition to Plaintiffs' request to amend to add the co-owners' claims. United States' Resp. to Pls.' Mot. for Leave to File Amend. Compl. (Apr. 13, 2022), Sub-Master Docket No. 17-9001L, ECF No. 494.

14. On April 29, 2022, the Court granted in part and denied in part the motion to amend the master complaint by allowing amendment of the complaint to add the co-owners, but not designating the co-owners as bellwether test properties. Opinion and Order (Apr. 29, 2022), Sub-Master Docket No. 17-9001L, ECF No. 514. In deciding this issue, the Court stated:

> The applicable six-year statute of limitations has not expired, *see* 28 U.S.C. § 2501, and the non-named co-owners are entitled to file their own claims for the government's taking of a permanent flowage easement on their property. Importantly, the government does not oppose the addition of the co-tenants as plaintiffs for these reasons. Def.'s Resp. to Pls.' Mot. to Amend at 1, ECF No. 494. Contrastingly, the government does oppose the designation of the co-tenants as bellwether test plaintiffs. *Id.* For the reasons stated, the court will allow plaintiffs to amend their complaint to add the listed co-tenants, but the co-tenants will not be designated as bellwether test plaintiffs and their cases will be administratively stayed along with the other non- bellwether plaintiffs.

*Id.* page 16.

**H.     The Just Compensation Phase Trial and its Pending Appeal**

15.     The just compensation trial for the bellwether test properties was held in Houston, Texas from May 31 to June 10, 2022. *In re Upstream Addicks & Barker (Texas) Flood-Control Reservoirs*, 162 Fed. Cl. 495, 502 (2022). Post-trial briefing was undertaken, a closing hearing was held on September 29, 2022, and the Court issued an Opinion and Order and a RCFC 54(b) Judgment for the test plaintiffs on October 28, 2022. *Id.* at 534. Notably, the Court's Just Compensation Order reduced just compensation awards to certain of the bellwether test property plaintiffs to reflect these plaintiffs' proportional ownership interest. *Id.* at 525, no. 28.

16.     Various motions for reconsideration or reclarification followed, which were denied. Sub-Master Docket No. 17-9001L, ECF Nos. 586, 587, 593, 595, 596, 597. Notices of appeal were filed in December 2022 and January 2023, and the appeals are currently pending before the U.S. Court of Appeals for the Federal Circuit. Sub-Master Docket No. 17-9001L, ECF Nos. 592, 594.

**J. Various Plaintiffs Attempt to File Amended Short Form Complaints**

17.     Between April 27, 2023, and June 7, 2023, plaintiffs in *Naqvi v. United States*, No. 21-1180; *Wilson v. United States*, No. 23-424, *Ahmad v. United States*, No. 17-1780, and *Abdou v. United* States, No. 17-1786, filed Amended Short Form Complaints.

18.     On June 8, 2023, the Court entered Orders striking the amended complaints with directions to refile their amended complaints in sub-master docket 17-9001L with defendant's written consent, or by filing a motion for leave to file amended complaints. *See* Orders (Jun. 8, 2023), Sub-Master Docket No. 17-9001L, ECF Nos. 599, 600.

19.     The applicable six-year statute of limitations has not expired, *see* 28 U.S.C. § 2501. As noted above, this Court has already held that co-owners are entitled to file in their own names for the United States' uncompensated physical taking. Opinion and Order (Apr. 29, 2022), Sub-Master Docket No. 17-9001L, ECF No. 514, page 16.

20. Movants' counsel has conferred with lead counsel for the United States, and the United States consents to the amendment of this complaint with the express understanding that the newly added claims are subject to the existing administrative stay, and that, because of the administrative stay, no answers or other deadlines are triggered by the filing of the amended complaint.

21. Movants now file this motion seeking an order granting leave to file the proposed First Amended Short Form Complaint attached hereto as Exhibit A. The proposed First Amended Short Form Complaint adds additional co-owners alleging a protectable property interest at the time of the complained-of taking as party plaintiff for the same property identified in the Original Complaint.

## AUTHORITY AND ARGUMENT

### A.    The United States Has Provided Written Consent

Pursuant to RCFC 15(a)(2) the motion should be granted because Movants have secured the United States' written consent.

### B.    Movants Satisfy the RCFC's Criteria for Amending Complaints

Granting a motion to amend under RCFC 15 is within this court's discretion. *Fauvergue v. United States*, 85 Fed. Cl. 50, 53 (2008). RCFC 15(a)(2) governs amendments to a complaint before trial once a responsive pleading has been filed and provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." But the rule also notes that "[t]he court should freely give leave when justice so requires." The Court of Federal Claims has adopted the Supreme Court's standard for determining when amendment under Rule 15(a) is appropriate:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Intrepid v. Pollock*, 907 F.2d 1125, 1128–29 (Fed. Cir. 1990). A court "ought to exercise liberally its discretion to grant leave to amend," *Wolfchild v. United States*, 101 Fed. Cl. 54, 64 (2011), *aff'd in part, rev'd in part*, 731 F.3d 1280 (Fed. Cir. 2013); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982) (explaining that Rule 15 "evinces a bias in favor of granting leave to amend").

Here, all the factors pertinent to the analysis dictate that the requested leave to amend should be granted. Adding the co-owners as plaintiffs will facilitate judicial efficiency and fairness. Permitting filing of the proposed First Amended Short Form Complaint will not require the United States to expend any, let alone significant, additional resources to conduct discovery. As stated above, because this action has been administratively stayed since February 1, 2018, neither the United States nor Movants have conducted discovery. *See* Case Management Order (Feb. 1, 2018), Sub-Master Docket No. 17-9001L, ECF No. 37, page 2, ¶ 3. Therefore, there is no risk of additional discovery to either side. To the contrary, granting leave will ensure that, once the case is unstayed, discovery can proceed efficiently as to all parties, including the co-owners.

Next, the proposed amendment will not delay resolution of this matter. Here again, because the case has been administratively stayed since early 2018, it cannot credibly be argued that allowing the amendment would delay these proceedings, or their resolution. When the case is unstayed and if a trial becomes necessary, the proposed amendment will have zero impact on the setting of that date.

Finally, joinder promotes judicial economy and RCFC 1's overarching imprimatur to secure the just, speedy, and inexpensive determination of every action and proceeding. The request to join co-owners allows the Court and Parties to litigate the issue of just compensation fully and fairly and is not being made with any dilatory motive, but so that justice will be done.

## **CONCLUSION**

Based on the foregoing, Movants respectfully request that the Motion be granted and that the Court enter an order granting Movants' leave to file the proposed First Amended Short Form Complaint attached hereto as Exhibit A, as well as any such further relief to which they show themselves entitled.

Houston, Texas
July 3, 2023

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah Wexler*
NOAH WEXLER
nwexler@arnolditkin.com
State Bar No. 24060816
JASON ITKIN
jitkin@arnolditkin.com
State Bar No. 24032461
KURT ARNOLD
karnold@arnolditkin.com
State Bar No. 24050490
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
(713) 222-3800 Telephone
(713) 222-3850 Facsimile

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 3, 2023, I electronically filed a copy of the foregoing instrument with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                             */s/ Noah Wexler*
                                             Noah Wexler