# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ZHENG LUO, | ) |
| | ) |
| | ) No. 1:17-cv-01868 L |
| *Pro se* Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Hon. Richard A. Hertling |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## *Pro Se* Plaintiff's Reply to Defendant's Response (ECF 1071)

*Pro Se* Plaintiff respectfully files this Reply in response to Defendant's filing at ECF 1071, and states as follows.

### I. Procedural Context

The Court directed Defendant to respond to the motion for clarification. The present filing is limited to that procedural issue. I do not seek factual determinations, evidentiary rulings, or substantive relief at this time. I understand that appellate proceedings remain pending and that an administrative stay is in effect.

### II. The Government's Two Proposed Paths for Communication

Defendant indicates that future communication may proceed (1) through the co-leader counsels or (2) directly with the Government. I appreciate that Defendant is willing to accommodate communication either way.

At the same time, routing all communications exclusively through the co-leader

counsels creates a foreseeable procedural disadvantage for *pro se* litigants, because such counsel do not represent *pro se* parties under RCFC 23, and their litigation positions may diverge. *Pro se* litigants appear individually in the caption and filings, and nothing in the RCFC—including RCFC 23—permits substituting co-leader counsels for *pro se* parties' own procedural participation.

Accordingly, I respectfully request that any communication channel endorsed by the Court preserve independent *pro se* participation. Either path is acceptable, provided that communications are not required to be routed exclusively through the co-leader counsels.

### III. RCFC 15 – Right to Amend

Defendant states that amendment should wait until the appellate stay is lifted. I agree that, as a practical matter, amendment should follow the appellate ruling. However, nothing in the present procedural posture should be construed as limiting a *pro se* party's right to seek amendment under RCFC 15, including clarifying the temporary-takings basis of the claim. I expressly reserve all rights to seek amendment when procedurally appropriate, and no waiver should be implied by the timing of this motion.

### IV. Independent *Pro Se* Procedures

*Pro se* litigants possess independent litigation rights that are not merged into the representation structure of co-leader counsels. These rights cannot be altered, limited, or diminished by routing communications through counsel who do not represent *pro se* parties. Any mechanism that has such an effect necessarily requires prior, express procedural clarification and conditions by the Court; otherwise, it will functionally result in procedural disadvantage in practice.

Accordingly, I respectfully request that the Court clarify that (1) communication may

proceed directly between *pro se* parties and Defendant, and (2) nothing requires routing substantive or procedural communications exclusively through co-leader counsels. This clarification would ensure that all parties proceed with shared understanding, without altering the existing case-management structure.

## V. No Waiver

Nothing in this Reply should be construed as waiving any right to seek amendment, discovery, or other relief at a procedurally appropriate time. All rights are expressly reserved.

Respectfully submitted,

This 8th day of December, 2025.

*/s/ Zheng Luo*
ZHENG LUO
*Pro se* Plaintiff
E-mail: coinverso@hotmail.com